## MATTHEWS vs. THE STATE.

Where an offence and an exception to it are contained in the same clause of the statute, an indictment must charge that the defendant is not within the exception; otherwise, where the exception is in a subsequent clause or statute. (5 *Eng.* 301.)

*Appeal from Columbia Circuit Court.*

Hon. JOHN T. BEARDEN, Circuit Judge.

GARLAND, for appellant.

JORDAN, Attorney General, contra.

Mr. Chief Justice WALKER delivered the opinion of the court.

The defendant was indicted in the Columbia circuit court, tried and convicted of larceny. A motion was made in arrest of judgment which was overruled, and the defendant appealed to this court.

The indictment charges the defendant with having stolen a hog, and the objection to its sufficiency is, that it does aver that the hog was either under twelve months old, or was marked.

It is true that hogs and cattle over one year old, running in the woods unmarked or branded, if taken by one not the owner, such taking is not larceny, but this is a separate and distinct act from that which declares the offence of larceny, and fixes its punishment; and when such is the case, it is not necessary when charging the offence, to notice this exception or qualification. It is only when the exception is found in the enacting clause, that it becomes necessary to show by averment that the offence does not fall within the exception. Such was held to be the law in the case of *Brittin vs. The State*, 5 *Eng.*, 301, and upon the authority of that case, we will hold the indictment in this case good.

Let the judgment of the Columbia circuit court be affirmed.