## WILSON v. STATE OF ARKANSAS.

1. CRIMINAL PLEADING: *Indictment, when should negative exceptions in a statute.*
   When there is an exception in the enacting clause of a statute, it must be negatived in the indictment, but when a statute contains *provisos* and exceptions in distinct clauses it is not necessary to state that the defendant does not come within the exceptions, or to negative the *proviso* it contains.

2. EVIDENCE: *Declarations of prisoner. Res gestæ.*
   The statements of a defendant of his intended use of a pistol at the time he borrowed it of the witness, and a like statement when he exhibited it to another witness, were admissible in evidence as part of the *res gestæ.*

3. CRIMINAL LAW: *Carrying weapons: Constitutional right to bear arms.*
   The Legislature may to some extent regulate the mode and occasion of wearing war arms, but to prohibit the citizen from wearing or carrying a war arm except upon his own premises or when on a journey, or when acting as or in aid of an officer, is an unwarranted restriction upon his constitutional right to keep and bear arms.

APPEAL from *Arkansas* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

ENGLISH, C. J.:

Chancy Wilson was indicted in the Circuit Court of Arkansas county, at March term, 1878, as follows:

"The grand jury, etc., etc., accuse Chancy Wilson of the crime of carrying side arms, committed as follows, to-wit: The said Chancy Wilson in the county aforesaid, on or about

the 14th day of February, 1878, did then and there unlawfully carry a pistol as a weapon, contrary to the statute in such case made and provided, and against the peace and dignity of the State," etc.

The defendant demurred to the indictment, the court overruled the demurrer, he was tried and convicted, a new trial was refused him, and he took a bill of exceptions and appealed.

I. It is submitted for appellant that the indictment is bad, because it does not negative the exceptions contained in the *proviso* of the act under which it was preferred.  *Acts of* 1874–5, *p.* 155.

When there is an exception in the enacting clause of a statute it must be negatived; but when a statute contains *provisos* and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the *proviso* it contains.  *Britton* v. *State*, 10 Ark., 301; *Matthews* v. *State*, Ib. 485; *Shaver* v. *State*, Ib. 259; *Bone* v. *State*, 18 Ib. 113; 1 *Wharton Cr. L.* (6 *Ed.*) *p.* 378.

The enacting clause of the statute makes it a misdemeanor, punishable by fine, for any person to wear or carry as a weapon, any pistol, dirk, butcher or bowie knife, sword or spear in a cane, brass or metal knucks, or razor.  In a *proviso*, exceptions are made in favor of persons on their own premises, or travelling through the country on a journey with baggage, officers of the law engaged in the discharge of official duties, or persons summoned by an officer to assist in the execution of process, or a private person authorized to execute process.

It is sufficient for the indictment to charge the offense prohibited by the enacting clause of the statute, and if the accused is within any of the exceptions mentioned in the *proviso*, it is matter of defense.

It follows that the court below did not err in overruling the demurrer to the indictment.

II. It was proven on the trial that appellant borrowed of witness, Bowers, a large army size six shooter, a revolving pistol, 44 caliber, eight inches in the barrel, such as is commonly used in warfare, stating at the time he borrowed it, that he was going over to Pearman's to shoot wild hogs. On the next day he went to Pearman's, stated to him the purpose of his visit, and while conversing with him, before going into dinner, pulled the pistol out of his boot, cocked it a few times to see if it would revolve, and then put it around under his coat, and went in to dinner.

The court excluded from the jury the statement made by the appellant to Bowers, when he borrowed the pistol from him, as to the use he intended to make of it, and a like statement made by appellant at Pearman's where he took the pistol from his boot in his presence, etc. These declarations were admissible as part of the *res gestæ*. *Pitman* v. *State*, 22 Ark., 357.

III. The appellant, among other instructions, asked the court to charge the jury that if they believed from the evidence, that the pistol carried by him was an army size pistol, such as are commonly used in warfare, they should acquit; which was refused by the court.

In *Fife* v. *State*, 31 Ark., 455, on review of authorities, we held that the Legislature might constitutionally prohibit the carrying of such pistols and other arms easily concealed about the person, as are used in quarrels, brawls and fights between maddened individuals, but that the Constitution guaranteed to the citizens the right to keep and bear arms for defense, etc.

And it was indicated in the opinion that the Legislature might, in the exercise of the police power of the State, regulate the mode of wearing war arms, and no doubt the occasions of wearing such arms may be to some extent regulated.

Thus it has been made an offense to wear a pistol, etc., concealed ( *Gantt's Dig.*, *sec.* 1517 ) and this may well apply to the character of the pistol used as a war arm.

So hunting with a gun with intent to kill game, or shooting for amusement, on the Sabbath, are made offenses. *Gantt's Dig.*, *sec.* 162.

No doubt in time of peace, persons might be prohibited from wearing war arms to places of public worship, or elections, etc. *Andrews* v. *State*, 3 *Heiskel*, 182.

But to prohibit the citizen from wearing or carrying a war arm, except upon his own premises or when on a journey traveling through the country with baggage, or when acting as or in aid of an officer, is an unwarranted restriction upon his constitutional right to keep and bear arms.

If cowardly and dishonorable men sometimes shoot unarmed men with army pistols or guns, the evil must be prevented by the penitentiary and gallows, and not by a general deprivation of a constitutional privilege.

The judgment is reversed and the cause remanded for a new trial.