STATE v. RAPLEY.

Opinion delivered December 8, 1894.

*Indictment for embezzlement—Counts charging single offense.*

An indictment which contains two counts alleging in substance
that defendant as city treasurer embezzled and converted
funds belonging to the city, and a third count alleging that
defendant failed and omitted to pay over funds of the city
to his successor in office and embezzled and converted such
funds to his own use, and alleges that the offenses in the
three counts are the same, charges the single offense of
embezzlement.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*James P. Clarke*, Attorney General, and *Chas. T.
Coleman* for appellant.

The indictment charges but one offense, embezzle-
ment. It appears on its face that but one offense is
charged, although there are three counts, which differ
only in the description of the manner and means by
which the offense was committed. There was no occa-
sion for an election. 50 Ark. 313; 45 *id*. 64; 32 *id*. 203;
38 *id*. 555.

*Wood & Henderson* for appellee.

1. The indictment is not good under sec. 1715, Sand.
& Hill's Digest, because it does not allege that defend-
ant failed or omitted to pay over the amount found due
by him upon settlement. 34 Ark. 562; 48 *id*. 76.

2. The act of 1891—Sand. & Hill's Dig. secs.
1849-1854—points out separate, distinct and dissimilar
offenses, and makes each a separate crime. Citing 48
Ark. 94; 50 Ark. 313; 45 *id*. 64; 32 *id*. 203; 38 *id*. 555;
34 *id*. 562.

BUNN, C. J. The appellee was indicted, at the September term A. D. 1893, of the Garland circuit court, for the crime of embezzlement as follows, to-wit:

1. "The said B. D. Rapley, in the county and State aforesaid, on the first day of April, 1893, being then and there the duly elected and acting city treasurer of the city of Hot Springs, a city of the first class in said county of Garland, duly created according to law, and having taken an oath of office as such city treasurer, and having then and there the custody and possession as such city treasurer, by virtue of his said office, of a large amount of money and public funds, to-wit: Five thousand dollars of the value of five thousand dollars of the personal property of the said city of Hot Springs, said money being then and there public funds and being composed of paper money of the United States of the value of three thousand dollars, gold coin of the United States of the value of one thousand dollars, and silver coin of the United States of the value of one thousand dollars, a more particular description of which is to the grand jury unknown, and while he, the said B. D. Rapley, was acting as such city treasurer as aforesaid, and having the custody and possession of such money and public funds by virtue of his said office, he, the said B. D. Rapley, did then and there, with felonious intent to cheat and defraud the said city of Hot Springs, unlawfully, feloniously and fraudulently embezzle and convert the same to his own use and benefit, against the peace and dignity of the State of Arkansas."

2. "And the grand jury aforesaid, in the name and by the authority aforesaid, on their oaths, do further present that the said B. D. Rapley, in the county and State aforesaid, on the first day of April, 1893, being then and there the duly elected and acting city treasurer in and for the city of Hot Springs, Ark., a city of the first class, in the county of Garland, duly created

according to law, and having taken an oath of office as such city treasurer, and by virtue of his said office being then and there a receiver of public moneys and funds due the said city of Hot Springs, and then and there by virtue of his said office as such city treasurer having the custody and possession of a large sum of money, to-wit, five thousand dollars, good and lawful money of the United States, of the value of five thousand dollars, of the money and personal property of the said city of Hot Springs, a more particular description of which is to the grand jurors unknown, said money being then and there public funds of the said city of Hot Springs, and while he, the said B. D. Rapley, was acting as such city treasurer as aforesaid, and having then and there the custody and possession of said money and funds by virtue of his said office, he, the said B. D. Rapley, with felonious intent to cheat and defraud the said city of Hot Springs and the citizens thereof, feloniously and fraudulently did then and there use, embezzle and convert the same to his own use and benefit, against the peace and dignity of the State of Arkansas."

3.    "And the grand jury aforesaid, in the name and by the authority aforesaid, on their oaths do further present that the said B. D. Rapley aforesaid, on the first day of April, 1893, being then and there duly elected and acting city treasurer, in and for the city of Hot Springs, Ark., a city of the first class in the said county of Garland, duly created according to law, and having taken an oath of office as such city treasurer, and being then and there by virtue of his said office a receiver of public funds and money due the said city of Hot Springs, and then and there, by virtue of his said office as such city treasurer, having the custody and possession of a large sum of money, to-wit, five thousand dollars of paper money of the United States of the value of five thousand dollars, of gold coin of the United States of

the value of five thousand dollars, and five thousand dollars of silver coin of the value of five thousand dollars, of the money and personal property of the said city of Hot Springs, said money being then and there public funds of the said city of Hot Springs, and thereafter, to-wit, on the first day of April, 1893, his term of office having expired, and his successor having been duly elected and qualified, he, the said B. D. Rapley, with the felonious intent to cheat and defraud the said city of Hot Springs and the citizens thereof, feloniously did then and there fail and omit to pay over to his successor in office, at the expiration of his term of office, the money and funds aforesaid, but then and there feloniously and fraudulently did embezzle and convert the same to his own use and benefit (the offenses in the one two and three counts of this indictment being the same), against the peace and dignity of the State of Arkansas.''

Demurrer to the indictment on the ground, among others, that the indictment charged against defendant more than one offense. The court ruled the demurrer well taken, and announced that the State would be required to elect upon which count of the indictment the prosecution would proceed. The State refused to make such election, but stood upon the indictment. The court then sustained the demurrer, and the State appealed.

There is little difference between the first and second counts of the indictment, except as to the description of the money alleged to have been embezzled—a difference immaterial in the consideration of the question raised by the demurrer. The first count charges that defendant did embezzle and convert to his own use and benefit the money aforesaid, and the second count charges embezzlement and conversion in almost identically the same language. The third count differs from the other two in the description of the funds em-

bezzled, in charging that defendant failed and omitted to pay over to his successor in office the funds aforesaid, but did then and there feloniously embezzle and convert to his own use the funds aforesaid, with the additional statement that the offenses charged in the three counts are the same.

As the third count contains a statement that the offense charged in each count was the same, we take it that the intention was not to charge the defendant with the crime of failure to pay over the public funds, and that this third count charges him with the same crime alleged in the two other counts in the indictment, to-wit, the crime of embezzlement committed by converting the public funds to his own use. Proof that defendant had failed to pay over such funds to his successor as required by law would be competent evidence against him on a trial upon an indictment for embezzling the same, as a circumstance tending to support the charge. This being so, we think that the allegation that he failed to pay over, when taken in connection with the statement that the same offense was charged in each count, should be treated as a recital of the evidence, and as surplusage. We therefore think that under this indictment the defendant should have been put upon his trial for the crime of embezzlement, which each of the counts allege that he committed by converting the public funds in his charge to his own use, and that the court erred in sustaining a demurrer to the indictment.

Reversed and remanded.

BATTLE, J., (dissenting). The defendant, in my opinion, was charged with two separate and distinct offenses. He was indicted under sections 1849 and 1851 of Sand. & Hill's Digest, which make it "unlawful for any officer of this State, or of any county, township, city or incorporated town in this State, or any deputy clerk,

or other person employed by such officer, having the custody or possession of any public funds, by virtue of his office or employment," *first*, "to use the same in any manner whatsoever for his own purpose or benefit;" *second*, to loan the same; *third*, to permit any person or corporation to use the same; *fourth*, to deliver such funds knowingly to any person or corporation not entitled to receive the same; and, *fifth*, "to wilfully fail or omit to pay over any such funds to his successor in office at the expiration of his term of office." Section 1851 provides that a violation of any of these provisions shall be a felony. The defendant is charged in the indictment before us with a violation of the first and fifth provisions of section 1849; that is to say, with the conversion of the public funds in his hands to his own use, and with failing and omitting to pay such funds to his successor in office at the expiration of his term of office. Under sections 1849 and 1851, this act and omission constituted two separate and distinct felonies.

I think the judgment of the court below sustaining the demurrer to the indictment should be affirmed.

Wood, J., concurs with me in this opinion.