### STATE v. BAILEY.

Opinion delivered June 27, 1896.

62    489
f90   572

INDICTMENT—JOINDER OF COUNTS—ELECTION.—Where an indictment for unlawfully carrying a pistol contains two counts, but alleges that the same offense is intended to be charged in both, the state should not be required to elect between the two counts, because the first count states that the pistol was not such as is used in the army or navy of the United States, and the second states that it was; especially where a demurrer to the second count upon the ground of failure to allege that the pistol was carried as a weapon should have been sustained.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

E. B. Kinsworthy, Attorney General, for appellant.

1. But one offense was charged in the indictment. The counts are but a form of alleging the modes and means in the alternative, which may be done. Sand. & H. Dig., sec. 2076. The second count states that the offense therein charged is the same as that charged in the first. Such indictments are good. 60 Ark. 13; 34 id. 433; 50 id. 306; 37 id. 224.

2.   An offense may be charged in as many counts as are necessary to cover the different modes in which it might have been committed.   50 Iowa, 372; 89 Ill. 571; 20 Tex. App. 320; Whart. Cr. Pl. & Pr., sec. 285.   No election will be required when the counts vary only in form, as in the case at bar.   Whart. Cr. Pl. & Pr., sec. 293; 58 Ga. 577; 20 S. E. 892.

BUNN, C. J.   This is an indictment for carrying a pistol as a weapon, containing two counts.   Motion by the defendant to compel the state to elect upon which count it would prosecute, and motion sustained.   The state declined to elect ; took exceptions.   Judgment for defendant, and state appeals.

The indictment reads as follows :   "The grand jury of Garland county, in the name and by the authority of the State of Arkansas, accuse Pres Bailey of the crime of carrying a pistol as a weapon, committed as follows : The said Pres Bailey in the county and state aforesaid, on the 22d day of April, 1895, unlawfully did carry, as a weapon, such a pistol as is not used in the army or navy of the United States, against the peace and dignity of the State of Arkansas."   Second count :   "And the grand jury aforesaid, in the name and by the authority aforesaid, on their oath, do further present that the said Pres Bailey, in the county and state aforesaid, on the 22d day of April, 1895, unlawfully did carry such a pistol as is used in the army or navy of the United States, said pistol not being then and there carried by the said Pres Bailey uncovered and in his hand (this being the same offense as that charged in the first count of the indictment), against the peace and dignity of the State of Arkansas."

Notwithstanding the seeming inconsistency between the charges in the first count that the pistol was not such as is used in the army or navy of the United States, and that in the second count that the pistol was

such as is used in the army or navy, the offenses in the two counts are one and the same, as stated in the second count, and for this reason the motion to elect should not have been sustained. *State* v. *Rapley*, 60 Ark. 13; *Howard* v. *State*, 34 *id.* 433.

Besides the second count of the indictment was of itself demurrable, and should have been so held, on the demurrer interposed, leaving only the first count valid, for the reason that the pistol was not alleged to have been carried as a weapon in this count.

For the errors named the judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.