## STATE *v.* RING.

77   139<br>e 83   29

### Opinion delivered November 18, 1905.

1. INDICTMENT—NEGATION OF EXCEPTION.—Where an exception is contained in the enacting clause of a statute defining a criminal offense, it is an essential part of the offense, and must be negatived in the indictment; but it is otherwise where the exception appears by way of proviso in a separate clause. (Page 139.)

2. SAME—CARRYING PISTOL—NEGATIVE PREGNANT.—An indictment for carrying a pistol which alleges that such pistol is not such as is commonly used in the army and navy of the United States is defective in failing to allege that the pistol is not such as is used in the army or navy of the United States. (Page 140.)

Appeal from Sharp Circuit Court, Southern District; JOHN W. MEEKS, Judge; affirmed.

*Robert L. Rogers, Attorney General,* for appellant.

A negative averment need not follow the words of the statute, as an affirmative one must; but any negation in general terms, covering the entire substance of the matter, will suffice. 1 Bish. Crim. Proc. (3 Ed.), § 641; 34 Me. 503; 103 Mass. 213; Bish. Stat. Crim. 485.

*Sam H. Davidson,* for appellee.

Since the exception in the statute is in the enacting clause, the indictment should have contained such an averment as to show that the defendant was without its terms. Bishop's Crim. Proc. (3 Ed.), 636; 18 Vt. 195; 2 Pick. 139; 54 Ark. 546; 58 Ark. 39.

McCULLOCH, J. The State appeals from a ruling of the circuit court sustaining a demurrer to an indictment against the defendant, Wesley Ring, charging him with the offense of carrying a pistol.

The indictment, omitting the caption and formal part, is as follows:

"The said Wesley Ring, in the State, county and district aforesaid, on the 10th day of july, 1904, did unlawfully carry a pistol as a weapon, the said pistol not being such a pistol as is commonly used in the army and navy of the United States."

It will be observed that the indictment does not follow the language of the statute, which excepts "such pistols as are used in

the army or navy of the United States" (Kirby's Digest, § 1609), and upon this ground the lower court sustained the demurrer.

The exception being in the enacting clause of the statute, it is an essential part of the offense, and must be negatived in the indictment, in order that the description of the offense may correspond with the terms of the statute. It is otherwise where the exception appears in a statute by way of proviso in a separate clause. *Bone* v. *State,* 18 Ark. 109; *Matthews* v. *State,* 24 Ark. 484; *Wilson* v. *State,* 33 Ark. 557.

It must therefore be alleged in the indictment that the pistol is such as is used in neither the army nor navy of the United States, whilst the indictment here in substance alleges that the pistol is not such as is common to both the military and the naval branches of the United States service. In this respect it is defective, and the court properly sustained the demurrer. There may be a pistol common to both branches of the United States service, but our statute seems to contemplate that there may be such weapon used in one of the branches and not in the other, and it is no offense to carry a pistol used in either branch. So the indictment must allege that it is such as is used in neither.

A similar question was disposed of by the court in the case of *State* v. *Railroad Company,* 54 Ark. 546, which, we think, is conclusive of the case at bar. The statute requires railroads to cause a bell on its locomotives to be rung or the whistle to be sounded within eighty rods of crossings, and prescribes a penalty for failure to do so. In the case just cited the indictment against a railroad company charged that the defendant "did unlawfully fail and neglect to ring the bell *and* sound the whistle on a certain engine," and this court held the indictment to be insufficient. Mr. Justice MANSFIELD, speaking for the court, said: "The offence charged here is the failure to perform a duty which under the law may be discharged by doing either of two specific acts. The nonperformance of either of the acts is therefore an affirmative element of the offense, and without its averment the indictment is not valid. The railway company satisfies the law by using either a bell or a whistle at the places and in the manner required. * * * The import of the language thus employed (in the indictment) is to impute to the defendant a nonfeasance arising, not from a failure to do either of the acts, but from a neglect

to perform both of them at the same time. And to say, in the form of expression used by the pleader, that the defendant failed to perform the *two* acts does not exclude the idea that he may have performed one of them."

This was followed in *Railway Co.* v. *State,* 58 Ark. 39, which was a civil action against a railway company to recover the penalty for failing to perform the statutory duty of ringing the bell or sounding the whistle when approaching a crossing.

Affirmed.