McDonald v. State.

Opinion delivered May 13, 1907.

1. CARRYING PISTOL AS WEAPON—BURDEN OF PROOF.—Under an indictment for carrying a pistol not such as is used in the army or navy of the United States, the burden is upon the State to prove that the weapon carried was not such a pistol as is used in the army or navy of the United States. (Page 29.)

2.   SAME—ARMY OR NAVY PISTOL.—An indictment for carrying an army or. navy pistol must allege, and the State must prove, that such pistol was not carried in the hand.   (Page 30.)

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*J. T. Cowling,* for appellant.

The indictment alleged that the pistol was not such a pistol as is commonly used in the army or navy of the United States, and this, being in the enacting clause of the statute, was a necessary allegation.   77 Ark. 139; 18 Ark. 109; 24 Ark. 483; 33 Ark. 557.   The burden was, therefore, on the State to prove this allegation.   It being a crime to carry only a certain kind of pistol, the presumption of innocence protects the accused until he is proved to have carried the particular kind for which he is indicted.   35 Ark. 327.   See also 33 Ark. 560. The exception which renders it unnecessary for the State to prove a negative averment in any indictment is where the subject-matter of the negative averment lies peculiarly within the knowledge of the accused.   37 Ark. 222; 1 Greenleaf, Ev. § 79; 51 Ark. 550; 19 Ark. 146; 37 Ark. 456; 45 Ark. 295; 32 Ark. 763.   In this case the question whether or not the pistol was such as is commonly used in the army or navy was not peculiarly within the knowledge of the defendant.   It was produced in court.   The burden was upon the State to prove that it was not such as is used in the army or navy.

*Wm. F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

This case depends upon the correctness of the third instruction.   It is said that, "the exception being in the enacting clause of the statute, it is an essential part of the offense and must be negatived in the indictment in order that the description of the offense may correspond with the terms of the statute."   77 Ark. 139.   The negation of the exception named in the statute being a necessary allegation, the application of the rule as to the burden of proof is limited by the application of the exception to that rule; and that exception, in this case, is reduced to the question whether the kind of pistol carried by the defendant, and the kind commonly used in the army or navy

of the United States are matters more peculiarly within the knowledge of the defendant than the prosecutor, and who could supply the proof with least inconvenience. 1 Greenleaf, Ev. § 79; 1 Wharton, Crim. Law § 614. See also 79 Mich. 317; 42 Tex. 462; 6 Tex. App. 247; 3 Tex. App. 444; 56 Ark. 124; 61 Ark. 216; 77 Ark. 321; 70 Mo. 357; 37 Ark. 223; 34 Ark. 448.

Battle, J. The following indictment was presented by the grand jury of Little River County, at the January, 1905, term of the Little River Circuit Court:

"The grand jury of Little River County, in the name and by the authority of the State of Arkansas, accuses J. A. McDonald of the crime of carrying concealed weapons, committed as follows, to-wit: The said J. A. McDonald in the county and State aforesaid, on the 15th day of April, A. D. 1904, did unlawfully carry a pistol as a weapon, said pistol not being such a pistol as is commonly used in the army or navy of the United States, against the peace and dignity of the State of Arkansas."

This indictment was based upon section one of the act entitled, "An act to preserve the public peace and prevent crime," approved April 1st, 1881, which is as follows:

"Any person who shall wear or carry in any manner whatever, as a weapon, any dirk, or bowie knife, or a sword, or a spear in a cane, brass or metal knucks, razor, or any pistol of any kind whatever, except such pistols as are used in the army or navy of the United States, shall be guilty of a misdemeanor. Provided, that officers whose duties require them to make arrests or to keep and guard prisoners, together with the persons summoned by such officers to aid them in the discharge of such duties, while actually engaged in such duties, are exempted from the provisions of this act. Provided, further, that nothing in this act be so construed as to prohibit any person from carrying any weapon when upon a journey or upon his own premises."

Section two of the same act is as follows: "Any person, excepting such officers, or persons on a journey, and on his premises, as are mentioned in section one of this act, who shall wear or carry any such pistol as is used in the army or navy of the United States, in any manner except uncovered and in his hand, shall be deemed guilty of a misdemeanor."

The carrying of such pistols as are used in the army or navy of the United States in any manner is not an offense under section one. The carrying of it in any manner except uncovered and in hand is made a separate offense by section two, which is held to be constitutional in *Haile* v. *State*, 38 Ark. 564.

It was proved that McDonald carried a pistol about the 15th of April, 1904, and it was exhibited in court and to the witnesses of the State at the time they saw him with it. The question was, was it such a pistol as is used in the army or navy of the United States? McDonald testified that it was a 41 Colt pistol on a 45 frame, and that it was such a pistol as the Arkansas State Militia carried about a year before he was testifying. Jim Sanderson testified that the pistol used in the army of the United States in 1898 was a 38 on a 45 frame. He did not know the size used at the time of his testifying.

Among other instructions the court gave the following over the objections of the defendant:

"3. The court tells the jury that; the carrying of a pistol being admitted by defendant or proved beyond a reasonable doubt as charged in the indictment, then the law presumes that said pistol was carried as a weapon, and the burden is upon defendant to show that said pistol was not carried as a weapon or was such a pistol as is commonly used in the army and navy of the United States, and carried open in the hand."

The jury found the defendant guilty, and assessed his fine at fifty dollars; and he appealed.

In *State* v. *Ring*, 77 Ark. 139, it was held that it was necessary to allege, in an indictment for unlawfully carrying a pistol as a weapon, that it was not such a pistol as is used in the army or navy of the United States. The court in that case said: "The exception (that is, so much of the statute as excepts the army or navy pistol) being in the enacting clause of the statute, it is an essential part of the offense, and must be negatived in the indictment, in order that the description of the offense may correspond with the terms of the statute. It is otherwise where the exception appears in the statute by way of proviso in a separate clause. *Bone* v. *State*, 18 Ark. 109; *Matthews* v. *State*, 24 Ark. 484; *Wilson* v. *State*, 33 Ark. 557."

The exception being an essential part of the offense, the burden was upon the State in this case to prove it in order to convict the defendant of the offense of unlawfully carrying the pistol. *Hopper* v. *State,* 19 Ark. 143. There was no reason for saying that the burden was upon the defendant, because it was a matter peculiarly within his knowledge; for the pistol was exhibited in court and to the witnesses who testified in behalf of the State at the time they saw him with it.  •

It was not clearly shown by the evidence that the pistol carried by appellant about the 15th of April, 1904, was an army or navy pistol. The evidence leaves it in doubt. In view of this fact, the instruction of the court telling the jury the burden was on the defendant to prove that it was such a pistol was prejudicial. It was erroneous and prejudicial in another respect. It in effect told the jury that if it was such a pistol it was necessary for the defendant to prove that he carried it in his hand before they could acquit. That is not true. He was not indicted for unlawfully carrying an army or navy pistol. Such an act is a separate and distinct offense from that charged; and if it had been charged, the burden would have been on the State to prove that it was not carried in the hand.

Reversed and remanded for a new trial.

Hill, C. J., (dissenting.) Mr. Greenleaf says: "Where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil and criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any person except those who are duly licensed therefor." 1 Greenleaf, Evidence, § 79.

Mr. Wharton says: "Where in a statute an exception or proviso qualifies the description of the offense, the general rule is, as has been seen, that the indictment should negative the exception or proviso. In such cases when the subject of the exception relates to the defendant personally or is peculiarly within his knowledge, the negative is not to be proved by the prosecutor, but, on the contrary, the affirmative must be proved by the defendant as a matter of defense." 1 Wharton on Criminal Law, § 614.

The statute makes the wearing or carrying as a weapon of a pistol of any kind whatever a misdemeanor, except "such pistols as are used in the army or navy of the United States." The gist of the offense is the carrying of a weapon. And the kind of weapon is a matter that is peculiarly within the knowledge of the man who carries it. If he carries an army or navy pistol, he must carry it open in his hand. Sec. 1610 of Kirby's Digest.

How any class of cases can be more entirely within the rule laid down in the text-books above quoted I am unable to see. The subject of this exception, the kind of pistol carried by the defendant, is a matter personal to himself and peculiarly within his knowledge; and the rule is uniform that in such instances it is not the duty of the prosecutor to prove the matter in the exception, but, owing to the difficulty of proof on behalf of the State and the readiness of proof on behalf of the defendant, the burden is thrown upon the defendant to prove the matter in the exception or proviso.

Under this decision, if a man is seen with a pistol sticking out of his pocket, and no more of it disclosed than that it is a pistol, the State loses its case because it is unable to prove that it is not a pistol used in the army and navy of the United States; and in my opinion this rule is subversive to the elemental rules of law involved, and unfortunately may paralyze the salutary law against the carrying of pistols.