VAUGHAN v. STATE.

Opinion delivered November 11, 1907.

CARRYING PISTOL AS WEAPON—BURDEN OF PROOF.—Under an indictment for carrying a pistol not such as is used in the army of the United States, the burden is upon the State to prove that it was not such a pistol as is used in the army or navy of the United States.

Appeal from Calhoun Circuit Court; *George W. Hays,* Judge; reversed.

*Thornton & Thornton,* for appellant.

It was alleged that the pistol was not such as is used in either the army or navy; it was necessary both to allege and prove it. The burden is on the State. 102 S. W. 703.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

Confesses error. 19 Ark. 143; 83 Ark. 26.

WOOD, J. The appellant was indicted for carrying a pistol as follows: "The said defendant on the 16th day of July, 1906, in Calhoun County, State of Arkansas, did unlawfully carry a pistol as a weapon, said pistol being the kind that is carried in neither the army or navy of the United States, contrary to the form of the statutes and against the peace and dignity of the State."

The State proved that appellant had a pistol, in Calhoun County, in June, 1906, within a year before the indictment. There was a fuss between certain parties; and a witness saw a pistol drop out of appellant's bosom, and saw him put it back. The size of the pistol was not shown. And the State did not attempt in any way to show that the pistol was not such as is used in the army or navy. The court correctly declared the law, but the proof was not sufficient to support the verdict.

The Attorney General confesses error, the case being ruled by *McDonald* v. *State,* 83 Ark. 26.

The confession is well taken, the judgment is reversed, and the cause is remanded for a new trial.

HILL, C. J., (dissenting). This case is the first fruit of *McDonald* v. *State,* 83 Ark. 26, which has fallen here, and

is a good illustration of the result of placing upon the State the burden to prove a negative when the fact to be proved is peculiarly within the knowledge of the defendant. Here a defendant, unquestionably guilty, unquestionably in possession of a pistol as a weapon, is acquitted because no one proved that the weapon that he had was not such an one as is used in the army or navy of the United States. It would be safe to say that not one person in a thousand knows what kind of a weapon is used in the army and navy of the United States; but a defendant knows what kind of a pistol he was carrying and can readily prove it.

I refer to my dissenting opinion in the McDonald case for the reason in full for dissenting against the doctrine here applied.