BLACKNALL *v.* STATE.

## Opinion delivered May 31, 1909.

1. CARRYING ARMS—INDICTMENT—DUPLICITY.—An indictment for carrying arms unlawfully is not open to objection for duplicity because it contains two counts, the first alleging that defendant carried a pistol not such as is used in the army or navy of the United States, and the second that the pistol was such as is used in the army or navy, but that it was not carried uncovered and in defendant's hand, and that defendant was not upon a journey nor on his own premises nor an officer as mentioned in Kirby's Digest, § 1609; provided the indictment alleges that the same offense is intended to be charged in the two counts. (Page 572.)

2. INSTRUCTION—APPLICABILITY TO EVIDENCE—It was not error to refuse an instruction that was inapplicable to the undisputed evidence in the case. (Page 573.)

3. CARRYING ARMS—INSTRUCTION DISAPPROVED.—In a prosecution for carrying a pistol as a weapon, an instruction that defendant could not be convicted unless the State shows that the pistol was not such as is used in the army or navy of the United State was properly refused where the undisputed evidence shows that defendant carried the pistol concealed, and not uncovered and in his hand. (Page 573.)

4. SAME—INSTRUCTION—APPROVED.—In a prosecution for carrying a pistol as a weapon, it was not error to instruct that defendant was guilty (1) if he carried a pistol not such as is used in the army or navy of the United States, or (2) if he carried such a pistol as is used in the army or navy of the United States, but not uncovered and in his hand. (Page 573.)

Appeal from Clark Circuit Court; *George W. Hays,* Judge, on exchange of circuits; affirmed.

*Hardage & Wilson,* for appellant.

1. The indictment charges two separate offenses, under § § 1609 and 1610 of Kirby's Digest. *Id.* § 2231; 83 Ark. 26; 60 *Id.* 13, dissenting opinion, WOOD, J. The demurrer should have been sustained. Kirby's Dig., § 2286.

2. The State must prove beyond a reasonable doubt that the pistol was not such as is used in the army or navy. 83 Ark. 26; 84 *Id.* 332; 54 *Id.* 336; 49 *Id.* 534; 36 *Id.* 242; 77 *Id.* 139.

*Hal L. Norwood,* Attorney General, *C. A. Cunningham,* Assistant, for appellee.

1. Under the ruling in 83 Ark. 26, and § 2230, Kirby's Digest, the indictment charges two offenses.

2. The State failed to prove the necessary facts to convict under either count, and error is confessed. 19 Ark. 143; 83 *Id.* 26; 84 *Id.* 332.

FRAUENTHAL, J. The grand jury of Clark County returned an indictment against the defendant, Booker Blacknall, charging him with the offense of carrying a pistol as a weapon. The indictment contains two counts; and, omitting the formal parts, it reads as follows: That "Booker Blacknall on the 15th day of January, 1908, in the county aforesaid did unlawfully wear and carry as a weapon, a certain pistol, said pistol then and there not being such a pistol as is used in the army or navy of the United States.

"Second: And the grand jurors as aforesaid further present that Booker Blacknall in the county and State aforesaid on the 15th day of January, 1908, did unlawfully wear and carry as a weapon, a certain pistol, said pistol then and there being such a pistol as is used in the army or navy of the United States, said pistol not then and there being carried by the said Booker Blacknall uncovered and in his hand, he, the said Booker Blacknall not being then and there on a journey, not being then and there on his own premises, and not being then and there an officer as mentioned in section 1609 of Kirby's Digest. This being the same offense charged in the first count."

The defendant demurred to the indictment on the ground that two separate offenses were therein charged; and the court overruled this demurrer. Thereupon the defendant filed a motion to require the attorney for the State to elect upon which count of the indictment the defendant should be tried, which motion was overruled. The defendant saved his exceptions to the above rulings of the court in proper time and manner.

Upon a trial, the jury returned a verdict of guilty and assessed a fine of fifty dollars against the defendant. From the judgment entered upon said verdict the defendant prosecutes this appeal.

The undisputed evidence shows that the defendant was at the house of Alf Bullock on a certain night, and, becoming

angered, he began cursing and went out of the house and there pulled a pistol out of his pocket and fired it a number of times. None of the witnesses testified as to the kind or exact size of the pistol.

It is contended by the defendant that the indictment charges two separate offenses, and on this account the demurrer interposed to it by him should have been sustained. The indictment charges that the defendant did unlawfully wear and carry as a weapon a certain pistol; and it charges this one offense in both counts of the indictment; and in the second count it expressly states that the offense charged in this count is the same offense charged in the first count of the indictment. It is proper to charge in the different counts of an indictment the same offense as committed in different ways. And this is done in order that the evidence that may possibly be adduced will in its varying phases sustain the allegations of the indictment.

The offense that is charged in this indictment is the carrying of a pistol as a weapon. That is the one offense charged; and that charge would be sustained by evidence showing that the defendant carried as a weapon a pistol of any kind and in any manner, except such as is used in the army or the navy of the United States; or it would be sustained by showing that the defendant carried as a weapon a pistol of any kind and in any manner except uncovered and in his hand. If the defendant carried as a weapon a pistol such as is used in the army or navy of the United States in any manner except uncovered and in his hand, he would be guilty of the offense charged in this indictment. And if he carried as a weapon in any manner any kind of a pistol except such as is used in the army or navy of the United States, he would be guilty of this offense charged in the indictment. So that the allegations of the two counts of the indictment only charge one offense. In the case of *State* v. *Bailey,* 62 Ark. 489, an indictment charging the defendant with the offense of carrying a pistol as a weapon contained two counts, and the first count in the indictment in this case at bar is in the language of the first count of that indictment, and the second count of the indictment at bar is in the language of the second count of that indictment. This court in the Bailey case held that the indictment did not charge two offenses, and was not demurrable.

*Howard* v. *State,* 34 Ark. 433; *State* v. *Rapley,* 60 Ark. 13; *Henry* v. *State,* 71 Ark. 574.

It is urged that, by virtue of the opinion of this court delivered in the case of *McDonald* v. *State,* 83 Ark. 26, it should be held that the two counts of this indictment charge separate offenses. But the question involved for decision in that case related to the character of evidence that the State was required to prove upon an indictment charging that the defendant did carry as a weapon a pistol such as is not used in the army or navy of the United States. And it was not necessary to decide in that case, and the court did not decide, that an indictment charged two separate offenses where it contained two counts covering sections 1609 and 1610 of Kirby's Digest, and which expressly stated that the two counts charged only one offense.

It is contended that the court erred in refusing to give the following instruction asked by defendant:

"You are instructed that, before you can find the defendant guilty under the first count in the indictment, it devolves upon the State to show beyond a reasonable doubt that the pistol carried was not such a pistol as is used in the army and navy of the United States. And, before you can find the defendant guilty under the second count in the indictment, the State must show beyond a reasonable doubt, that the pistol was such a pistol as is used in the army and navy of the United States and was not carried uncovered and in the hand."

The undisputed evidence in this case shows that the defendant did wear and carry the pistol in his pocket. By the undisputed evidence it was not carried uncovered and in the hand; and, therefore, it was wholly immaterial whether or not this pistol was such as is used in the army or navy of the United States. It follows that the above instruction was not applicable to the undisputed evidence in the case; and it was therefore abstract; and the court did not commit error in refusing to give it.

The court gave the following instruction relative to the issue involved in the case, which in our opinion is correct:

"Gentlemen of the jury, if you believe from the evidence, beyond a reasonable doubt that this defendant, Booker Blacknall, in Clark County, Arkansas, and within one year before the return of this indictment into court, which was at the January

term, 1906, did unlawfully wear and carry as a weapon a certain pistol, said pistol then and there not being such a pistol as is used in the army and navy of the United States, or that he did unlawfully wear and carry as a weapon a pistol, said pistol then and there being such a pistol as is used in the army and navy of the United States, said pistol then and there not being carried by said Booker Blacknall uncovered and in his hand; if you find these facts, gentlemen of the jury, you will find this defendant. guilty."

We are of the opinion that no reversible error was committed by the court in the trial of this case.

The judgment is affirmed.