## HENDERSON v. STATE.

## Opinion delivered June 21, 1909.

1. CRIMINAL LAW—SUFFICIENCY OF WARRANT OF ARREST.—A warrant issued by a justice of the peace for the arrest of a person, charging him with having carried a pistol as a weapon, is sufficient to admit proof of his having carried as a weapon a pistol such as is not used in the army or navy of the United States, or of having carried as a weapon a pistol such as is used in the army or navy of the United States in any manner except uncovered and in his hand. (Page 227.)

2. CARRYING ARMS—INSTRUCTION.—Where a charge of carrying a pistol as a weapon was broad enough to cover the offense either of carrying such a pistol as is not used in the army or navy or of carrying such a pistol as is used in the army or navy but not uncovered and in the hand, it was error to instruct the jury to acquit the defendant unless the pistol was such as is used in the army or navy of the United States. (Page 228.)

3. INSTRUCTIONS—HARMLESS ERROR.—Appellant cannot complain because the jury ignored an instruction given at his request that was more favorable to him than the law authorized under the facts in proof. (Page 229.)

4. SAME—WHEN CONFLICTING INSTRUCTIONS HARMLESS.—Where the court gave two conflicting instructions upon a certain question, one of which was correct, appellant cannot complain if the jury adopted the correct instruction as the law. (Page 230.)

5. CARRYING ARMS—LENGTH OF TIME.—Kirby's Digest, § 1609, prohibiting the "wearing" or "carrying" of a pistol as a weapon, does not require, to constitute the offense, that the pistol should be carried for any length of time. (Page 231.)

Error to Drew Circuit Court; *Henry W. Wells*, Judge; affirmed.

### STATEMENT BY THE COURT.

The appellant was arrested on a warrant issued by a justice of the peace which reads in part as follows: "It appearing that there are reasonable grounds for believing that Hosia Henderson has committed the offense of carrying a pistol as a weapon, you are commanded forthwith to arrest him and bring him before me to be dealt with according to law."

The appellant was tried and convicted in the justice's court, and on appeal to the circuit court was tried on the charge contained in the warrant of "carrying a pistol as a weapon."

The evidence on behalf of the State tended to show that "at Gaines Park, in Drew County, Arkansas, on July 29, 1908, where the colored people were having a barbecue, appellant left his shooting gallery and went to the 'barbecue stand.' While he was at the stand, one Ed Willis threw a beer bottle at him, whereupon appellant 'dodged down,' and when he raised up he pulled a big gun out of his pocket and commenced shooting at Willis. The pistol was a 32 Special." Another witness testified: "He took a pistol out of his side pocket before he got in the stand."

When appellant was arrested after the shooting, he was asked where the gun was, and replied that he left it at Miller's, that the pistol was Miller's, that he got it out of Miller's stand.

The evidence on behalf of appellant tended to prove that Ed Willis struck two women, one of them appellant's wife, who were in the barbecue stand; that when appellant heard the women he went into the stand and asked Willis what he was doing. Willis had a large knife in his hand; he "grabbed a bottle and made three motions" at appellant. Appellant "dodged down and raised up and threw his hands under the table and shot twice. He did not pull the pistol out of his pants pocket."

When the shooting was over, appellant laid the pistol down in a chair, and left it there. One of the witnesses testified as follows:

"I was standing talking to Henderson at his shooting gallery at the barbecue, when we heard Ed Willis cursing and a woman holloing. I told Henderson to go and see what was the matter with his wife, and he walked right over to the stand where Willis was, and went inside the stand. I did not see any pistol about Henderson when he left, or anything to indicate that he had any pistol. Willis had a knife open, and when Henderson told him he ought not to treat his (Henderson's) wife that way, Willis cut at Henderson. Henderson dodged down, and Willis throw a bottle and struck him on the head. Henderson then raised up and shot. There was a towel hanging to the pistol when Henderson grabbed it. I afterwards wrapped this towel around Henderson's head where he was hit with the bottle and knocked nearly crazy. Henderson did not take the pistol out of his pocket, nor turn his pocket out. I was right against the stand when the shooting started."

The court instructed the jury as follows:

"1. Any person who shall wear or carry in any manner whatever as a weapon any pistol of any kind whatever, except such pistols as are used in the army or navy of the United States, shall be guilty of a misdemeanor; provided, officers whose duties require them to make arrests or to keep and guard prisoners, together with persons summoned by such officers to aid them in the discharge of such duties, while actually engaged in such duties, are exempt from the provisions of the law against carrying a pistol as a weapon; provided further, any person may carry such weapon when upon a journey or upon his own premises."

"2. Any person, excepting such officers and persons on a journey and on their own premises, who shall wear or carry such a pistol as is used in the army or navy of the United States, in any manner except uncovered and in his hand, shall be deemed guilty of a misdemeanor."

"3. The jury are instructed that any person who carries a pistol as a weapon who is not an officer or upon a journey or on his own premises, unless he carries it uncovered and in his hand, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than fifty nor more than two hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than three months, or by both fine and imprisonment."

The appellant objected to the giving of instructions numbered two and three.

The appellant made the following requests for instructions:

"1. The court instructs the jury to return a verdict of not guilty."

"2. The court instructs the jury that the law of the State of Arkansas is against 'wearing or carrying' a pistol, as a weapon. If, however, a person who is then engaged in an encounter with another picks up a pistol which happens to be at hand and uses it in defense against the assault of the other person, and as soon as the difficulty is over he lays the pistol down at or near the place he found it, this is not such a wearing or carrying of a pistol as a weapon as is contemplated by the law, and such use of a pistol is not in itself, against the law of the land."

"3. The court instructs the jury that the burden is on the State to prove that the pistol was not such as is used in the army and navy of the United States, and this fact must be proved by testimony offered in this case, and not left to be presumed or arrived at by the jury from the general knowledge of the members of the jury; and unless the State has proved by competent evidence in this case, beyond a reasonable doubt, that the pistol in question was not such as is used in the army or navy of the United States, the jury will acquit the defendant."

The court refused prayer number one and granted numbers two and three. The jury returned a verdict of guilty, and assessed the fine at $75. The appellant duly preserved his exceptions to the rulings of the court, and assigned these as errors in his motion for new trial, which the court overruled, and appellant duly prosecutes this appeal.

*Williamson & Williamson,* for appellant.

1. No proof whatever was offered as to the kind of pistol used in the army or navy of the United States, nor whether or not the pistol was such. 3 Ark. 1; 77 Ark. 139; 83 Ark. 26; 84 Ark. 332.

2. Defendant was on trial for carrying a pistol as a weapon under section 1609 of Kirby's Digest, which is a distinct and separate offense from that of section 1610. 83 Ark. 30; 36 Ark. 222.

3. The State must prove that the pistol was *not* such as is used in the army or navy. 62 Ark. 489.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

The negative averment is the essential part of the offense and the burden of proving it was on the State. There was no such proof, and the allegations of the charge were not proved. 19 Ark. 143; 83 Ark. 26; 84 Ark. 332.

WOOD, J., (after stating the facts). First: As early as *Watson* v. *State,* 29 Ark. 299, this court said: "The only purpose of the warrant is to have the person charged with the commission of the offense arrested and brought before the justice, or other officer issuing it, to be dealt with according to law; and when that is done it has performed its function, and has no

operation whatever upon the subsequent proceedings. The object in naming or stating in it the offense charged is only that the person to be arrested may at the time be informed for what he is arrested; but if it does not then sufficiently appear, it can have no such effect as releasing him when brought before the magistrate."

The warrant contained the charge generally that appellant had carried a pistol as a weapon, and this was sufficient to admit proof of carrying, as a weapon, a pistol such as is not used in the army or navy of the United States; or of carrying, as a weapon, a pistol such as is used in the army or navy of the United States in any manner except uncovered and in his hand. The warrant, and the arrest under it, gave the court jurisdiction, and it was then a question to be determined by the evidence, as to whether the appellant had carried a pistol as a weapon such as is not used in the army or navy of the United States, or whether he had carried as a weapon an army or navy pistol in his pocket, or in some other manner than in his hand and uncovered. See *Blacknall* v. *State,* 90 Ark. 570; *Searcy* v. *Turner,* 88 Ark. 210; *Burrow* v. *Hot Springs,* 85 Ark. 396, and cases there cited.

In instruction number 3 given at the request of appellant the court told the jury "that the burden was on the State to prove that the pistol was not such as is used in the army or navy of the United States, and that this fact must be proved by testimony offered in the case, and not left to be presumed or arrived at by the jury from their general knowledge; and, unless the State has proved by competent testimony in the case, beyond a reasonable doubt, that the pistol in question was not such as is used in the army or navy of the United States, the jury will acquit the defendant." This instruction was in accord with the doctrine of this court announced in *Vaughan* v. *State,* 84 Ark. 332; *McDonald* v. *State,* 83 Ark. 26; *State* v. *Ring,* 77 Ark. 139, and other cases.

Under this instruction appellant would have been entitled to a verdict of not guilty as matter of law upon the authority of the above cases, if the only charge against him had been that of carrying a pistol as a weapon such as is not used in the army or navy of the United States, for there was no proof that the

pistol was not such a pistol as is used in the army or navy of the United States.

In the cases of *State* v. *Ring,* *McDonald* v. *State* and *Vaughan* v. *State, supra,* the charge was by indictment under section 1609 of Kirby's Digest. The proof had to correspond with the allegations of the indictment. The indictment could not be amended to correspond with the proof.

But in this case, as we have seen, the warrant and arrest brought the appellant before the court to be tried for the offense of carrying a pistol, as a weapon, in any manner that the evidence might show that he committed that offense, whether by carrying as a weapon such pistol as is not used in the army or navy, or by carrying as a weapon such pistol as is used in the army or navy in some other manner than uncovered and in his hand. In other words, the charge under this warrant was tantamount to a charge of the offense of carrying a pistol as a weapon in the alternative, and brings the case well within the rule announced in *Blacknall* v. *State, supra,* and *State* v. *Bailey,* 62 Ark. 489. It follows that the latter clause of instruction number 3 given at the request of appellant was more favorable to him than the evidence warranted, for it told the jury to acquit "unless the State has proved by competent evidence beyond a reasonable doubt that the pistol in question was not such as is used in the army or navy of the United States." But, under the evidence, the appellant was not entitled to acquittal if the State proved that he carried in his pocket, as a weapon, a pistol, even though it was such a pistol as is used in the army or navy of the United States. The State adduced evidence tending to prove that the appellant drew the pistol from his pocket which he used as a weapon. Therefore appellant can not complain because the jury ignored an instruction given at his request that was more favorable to him than the law authorized under all the facts that the evidence tended to prove.

This instruction number three at the request of appellant was based on one phase of the evidence only, to-wit, that there was no evidence to show that the pistol was not such as is used in the army and navy of the United States. But the verdict shows that the jury grounded their verdict upon the evidence which tended to show that the appellant "pulled a big

gun out of his pocket" which he used as a weapon. It was within the province of the jury to accept this evidence on behalf of the State.

On the theory presented alone by this evidence, the jury was correctly instructed in instructions numbered 2 and 3, given at the request of the State. These instructions were in irreconcilable conflict with instruction number three given at the request of appellant, since that allowed the jury to consider only as to whether the pistol was not such pistol as is used in the army or navy of the United States. But, if the jury had found that the pistol was not such as is used in the army or navy of the United States according to instruction number three given at the request of appellant, they could only have returned a verdict of not guilty. The fact therefore that they returned a verdict of guilty shows that their finding was based on the charge of his carrying a pistol as a weapon such as is used in the army or navy, in a manner except uncovered and in his hand.

The conflict in the instructions could not have confused the jury. The propositions covered by them were entirely distinct, and the verdict shows which view of the evidence the jury must have adopted, and that such view was necessarily based upon the correct instructions in the cause. The erroneous instruction was in appellant's favor and invited by him, and therefore he can not complain because such instruction is in conflict with other instructions that are correct.

Second. The second instruction given at appellant's request is not the law. The statute inhibits "wearing" or "carrying" "in any manner whatever as a weapon any pistols except such as are used in the army or navy of the United States" (Kirby's Dig., § 1609), and makes it unlawful to "wear" or "carry" any such pistol as is used in the army or navy in any manner except uncovered and in his hand. Kirby's Dig., § 1610.

To "wear" or "carry" "in any manner as a weapon" is broad language. The statute "takes no note of the time" the pistol shall be carried. The purpose is to prevent the "wearing" or "carrying" about the person any of the pistols mentioned under the circumstances detailed in the statute as weapons, *i. e.*, to be used aggressively or defensively. The length of time it may be carried for such purpose is wholly immaterial.

Other inhibited conditions existing, the use of a pistol in fight, though but for a moment or second, is evidence that it was carried as a weapon in the sense of the statute. See *Lemmons* v. *State,* 56 Ark. 559; *Carr* v. *State,* 34 Ark. 448.

The court has correctly declared the law applicable to the charge of carrying a pistol such as is used in the army or navy of the United States. Therefore it was not error to refuse this as applied to that kind of pistol.

Finding no prejudicial error, the judgment is affirmed.