State v. Wardlaw.

Reversed and remanded with directions to overrule the demurrer to the indictment and for further proceedings.

---

## STATE V. WARDLAW.

1. CRIMINAL LAW: *Carrying Weapon.*
   On the trial of a defendant for carrying a pistol as a weapon, it is not necessary to prove that the pistol was loaded.
2. PRACTICE: *Suggestions of the Judge on trial.*
   Our constitution forbids judges to charge juries as to facts, and it is error for a judge to advise a prosecuting attorney in the presence of the jury to dismiss a prosecution for want of evidence.

APPEAL from *Bradley* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*C. B. Moore*, Attorney General, for the appellant.

The 3d and 4th instructions of the court were erroneous and misleading. The evidence clearly shows, taking all the circumstances into consideration, that the *Derringer* pistol was carried and intended as a weapon.

SMITH, J. Wardlaw was indicted for carrying a pistol as a weapon. He was tried by a jury and found guilty; but the court set the verdict aside. Upon the second trial the evidence was that the accused was a tenant of one Lynn, occupying land 150 or 200 yards distant from his landlord; that he was on bad terms with his wife and had perhaps used threatening language towards her, in

1. Carrying weapon.

consequence of which she had left him; that shortly before the indictment was found, his father-in-law came to Lynn's house and requested that Wardlaw might be sent for for an interview. Wardlaw came to Lynn's horse-lot, and in the course of the conversation drew out of his pocket a derringer pistol; but the witness did not know whether or not it was loaded. After the evidence was all in, the court suggested to the State's Attorney that he might as well dismiss the case, since, if the jury convicted the defendant, he would set the conviction aside for want of evidence. But the attorney preferred to go to the jury. Thereupon the court charged (1 and 2) that the carrying or wearing of a pistol is not an offense, but it must be carried or worn as a weapon; (3) unless the jury find from the evidence that the pistol was loaded, it was not a weapon within the meaning of the law; and (4), if the jury find from the evidence that the defendant was sent for to meet the witness, at such a place as the pistol was seen, then he is not guilty.

After this charge, the prosecuting attorney threw up the case and the court directed the jury to acquit. The state then moved for a new trial for misdirection, saved objections, and appealed.

The testimony tended to show that the pistol was carried and intended as a weapon. It was not such an arm as would be useful in warfare, but a pocket pistol, of a size to be concealed about the person and used in private quarrels. *Fife v. State*, 31 *Ark.*, 455. The defendant was not upon his own premises, nor traveling on a journey, nor an officer of the law. And the third and fourth instructions were erroneous and misleading. The statute does not require that the pistol shall be loaded. *Act of Feb'y 16th*, 1875, *Sec.* 1. *State v. Duzan*, 6 *Blackf.*, 31. If it did, its value would be seriously impaired; for that is

Pistol need not be loaded.

a fact which can hardly ever be ascertained beyond peradventure, until somebody is shot.

Nor can it affect the guilt or innocence of the defendant that he was summoned to a neighbor's house to meet his father-in-law. Nothing is disclosed in the record from which it could be inferred that the father-in-law came with a hostile purpose.

The Circuit Court also committed an error in advising the attorney for the State, in presence of the jury, to drop the prosecution for want of evidence. Our Constitution forbids judges to charge juries with regard to matters of fact, *Art. VII, Sec.* 23.

*2. Suggestions of Judge on trial.*

Reversed and remanded for another trial.