HATHCOCK v. STATE.

Opinion delivered April 24, 1911.

1. CARRYING WEAPON—INSTRUCTION.—An instruction that "before you would be warranted in convicting the defendant you must believe * * * that the defendant did in the county and State and within the past twelve months wear and carry as a weapon a pistol," was not objectionable as permitting a conviction for carrying a pistol as a weapon on a day subsequent to the filing of the information if all of the testimony was directed to a prior time, and there was no specific objection to the instruction. (Page 68.)

2. SAME—UNLOADED PISTOL.—A pistol may be carried as a weapon though unloaded. (Page 68.)

Appeal from Boone Circuit Court; *George W. Reed,* Judge; affirmed.

*W. F. Pace* and *Troy Pace,* for appellant.

1. The first instruction given by the court was erroneous in this, that it authorized a conviction if the jury found that appellant had carried a pistol as a weapon at any time within twelve months next preceding the date of the trial in the circuit

court, whereas they could properly convict only upon finding that he had carried such weapon within twelve months next preceding the filing of the information.

2. Under the facts proved in this case, the second instruction given by the court is erroneous, taking away from appellant all defense, and the court erred in refusing instructions 1 and 2 requested by appellant. 34 Ark. 448.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. Appellant's exception to the first instruction was not such as to direct the court's attention to the specific objection now urged. Moreover, the testimony was such that the jury could readily understand that the inquiry was limited to the twelve months preceding September 2. The defect in form was harmless.

2. The second instruction was correct. 43 Ark. 73. And the case of *Carr* v. *State,* relied on by appellant in support of his requested instructions 1 and 2, is no authority for the giving of such instructions.

HART, J. . Upon information filed by the deputy prosecuting attorney, appellant was arrested and tried before a justice of the peace of Boone County for the offense of carrying a pistol as a weapon. From a judgment of conviction he appealed to the circuit court. There he was again convicted, and has appealed to this court.

The testimony for the State shows that appellant some time in the summer or fall of 1910 ran down out of his office in the town of Harrison in Boone County into the street, and threatened some boys with whom he was angry. One witness said he saw the pistol sticking out of his pocket when he went on the street, and another said it was a 38-calibre pistol.

The appellant testified: "That some time in the summer or fall Virgil Jones, Roy Woods and Cat Keeton were across the street from his office, at the Pool Hall, and that he was sitting by a window in his office working on his books and some notes, when those boys began calling him names from across there; that he apparently did not notice them, although they kept this up for about ten minutes; that a lady came to his office to have a bone felon upon her thumb treated, and that as she started up

the stairway Cat called at her, 'Don't go up there,' and I still did
not say anything. When she came into the office, I saw that she
was scared, but I had her sit down and commenced to treat her
thumb. This fellow, Keeton, came across the street and hal-
looed up the stairway, 'Come down out of there!' and when he
did that I got so terribly mad that I got my pistol and went down
on to the street. I went down there to shoot him if he did not
go away, and as I ran down the stairs pretty fast I may have
got out on to the street, although I did not intend to. The pistol
was not loaded. It was an old pistol that had been in my office
for at least five years, and a day or two before this occurred,
owing to some trouble I was having with these boys, I had occa-
sion to look up the pistol, and it would not turn, and I could not
open it, so I went across to the printing office and got Stanley
Crandall to come up to my office and open the pistol for me, and
he took the loads out and dropped them into the drawer. The
pistol would not work, and I said I must take it to the house
and grease it; I took it home, and got it into pretty good shape,
and the next morning when I came back to the office there was
some one waiting on the steps for me and went right into the
office with me, and I just laid the pistol back in the desk drawer,
and never thought of it again until this occurrence, and I grabbed
it out of the drawer again, never thinking whether it was loaded
or not, and ran down there with it, and after that it occurred to
me that the pistol was not loaded. I showed the pistol to Bert
Taylor, the marshal, when he came to arrest me shortly after-
wards."

Counsel for appellant assign as error the action of the court
in giving the following instructions for the State:

"1. Before you would be warranted in convicting the de-
fendant, you must believe from all the evidence in the case to a
moral certainty that the defendant did in this county and State
and within the past twelve months wear and carry as a weapon
a pistol."

"2. You are further instructed that to constitute the wear-
ing of a pistol as a weapon it is not necessary that same be
loaded."

And in refusing the following asked by appellant:

"1. I charge you that if you find that the pistol in this

case was not loaded at the time that it was carried and was therefore not fit to use as a weapon, this rebuts the presumption that it was carried as a weapon, and you will acquit the defendant."

"2. I charge you that if a man carries a pistol the presumption is that the pistol was loaded and carried as a weapon, but this presumption may be overcome by proof that the pistol was not loaded and so unfit for use as a weapon; so in this case if you find that the pistol was not in a condition to be used as a weapon, and not carried as a weapon, you will acquit the defendant."

They urge that, under the first instruction, the jury were authorized to convict if they found the appellant carried a pistol as a weapon subsequent to the filing of the information against him. It is sufficient answer to this objection to say that there was no testimony to show that appellant carried a pistol on a day subsequent to the filing of the information. The testimony was all directed to the day that he ran out of his office into the street and threatened the boys, and this happened before the information was filed. Indeed the undisputed evidence shows that this occurrence was the cause of his being arrested, and no prejudice could have resulted from the language of the instruction. If appellant thought so, he should have made specific objection to it.

There was no error in giving the second instruction at the request of the State. "The statute does not require that the pistol should be loaded. * * * If it did, its value would be seriously impaired, for that is a fact which can hardly ever be ascertained beyond peradventure until somebody is shot." State v. Wardlaw, 43 Ark. 73.

The court properly refused to give instructions Nos. 1 and 2 asked by appellant. They in effect told the jury as a matter of law that if the pistol was not loaded it was not carried as a weapon. If this was the law, a person might carry a pistol with loose cartridges in his pocket and thus escape the penalties of the law.

The case of Carr v. State, 35 Ark. 448, is not authority for the giving of the instructions asked by appellant. Indeed, it is the other way. There the court held that when the State showed that a person wore a pistol concealed the presumption was that

it was carried as a weapon, but that this presumption was one of fact, and might be overcome by affirmative proof on the part of the defendant. Proof that the pistol was unloaded may be considered, with the other facts and circumstances in the case, by the jury in determining whether it was carried as a weapon, but the court can not declare as a matter of law that proof that the pistol was not loaded conclusively rebuts the presumption that it was being carried as a weapon.

In the case at bar the pistol was capable of being used as a weapon. The appellant admits that he cleaned it for that very purpose, and, in his anger, he intended to use it as a weapon on the day he is charged with carrying it. It will not do to say that because it was unloaded the court should instruct the jury that it was rendered unfit for use, and that the presumption that it was worn as a weapon was thereby overcome.

No other assignments of error are urged for a reversal of the judgment, and it will be affirmed.