STEPHENS *v.* CITY OF FORT SMITH.

4869                                              300 S. W. 2d 14

Opinion delivered March 25, 1957.

610

*Martin L. Green* and *J. Sam Wood,* for appellant.

*Lem C. Bryan* and *Chas. A. Beasley,* for appellee.

SAM ROBINSON, Associate Justice. Appellant appeals from a conviction of violating Ark. Stats. § 41-4501, which provides: "Any person who shall wear or carry in any manner whatever, as a weapon, any dirk or bowie knife, or sword or spear in a cane, brass or metal knucks, razor, blackjack, billie or sap, ice pick, or any pistol of any kind whatever, shall be guilty of a misdemeanor." A jury was waived, and the cause was submitted to the court on the following agreed statement of facts:

"In March, 1956, the defendant LeRoy Stephens was employed as a United States Mail Carrier in Fort Smith, Arkansas. On or about March 6, 1956, at about 5:25 P. M. detectives Ralph Middleton and Edward Walker contacted said LeRoy Stephens at the B Street Post Office in Fort Smith, Arkansas, and asked him to come to the police station for a talk. Detective Ed Walker drove said LeRoy Stephens' car from said post office to the police station and en route found an automatic pistol, which was loaded, in the glove compartment of said LeRoy Stephens' car. LeRoy Stephens made the statement that the pistol belonged to his Mother.

"Stephens had been working at the said post office on said date and just finished work for the day at the time he was contacted by the officers.

"Neither the car nor the glove compartment in it was locked when Detective Walker got in it, but the glove compartment was closed.

"At the time when said pistol was found, LeRoy Stephens was not in the car for the reason that he rode to the police station in a separate car with Detective Ralph Middleton. However, said LeRoy Stephens stated that he had driven the car to work."

The sole issue on appeal is the sufficiency of the evidence to sustain the judgment of guilty. The pertinent part of the statute reads: "Any person who shall wear or carry in any manner whatever, as a weapon, . . . any pistol of any kind whatever, shall be guilty of a misdemeanor." The statute making it unlawful to carry a pistol as a weapon has several exceptions, but none of the exceptions apply here. There is only one question: Is the evidence sufficient to base a finding that the pistol was carried in any manner as a weapon? It was loaded, and the presumption is that it was placed in the glove compartment of the car as a weapon. *Carr* v. *State,* 34 Ark. 448. Of course, the defendant might remove the presumption by proof. But it would be one of fact and not of law. Here, the defendant offered no evidence to rebut the presumption.

The exceptions not being applicable, can it be said that the defendant carried a pistol in any manner? If so, he is guilty. The direct and circumstantial evidence that he carried the pistol in the glove compartment of his car is substantial. Placing a pistol in the glove compartment of the automobile within easy reach of the driver is certainly one way of carrying it and, in many instances, the operator of the car could get it out of such place easier than he could draw a pistol from his pocket. The pistol was found in appellant's car; he had driven the car to work that morning. He claims the pistol belongs to his mother but it is not stipulated that his mother had placed the pistol in the automobile. He makes no claim that he did not know the gun was in the car.

Appellant cites some cases, such as *Williams* v. *Commonwealth of Kentucky,* 261 S. W. 2d 807, to the effect that carrying a pistol in an automobile is not a violation of the statutes of the particular state involved, but in most cases cited by appellant the statute is not as broad as the Arkansas statute. For instance, the Kentucky statute provides: "(carrying) concealed a deadly weapon, other than an ordinary pocket knife, on or about his person." Our statute prohibits carrying a pistol in any manner whatever, with certain exceptions. In *Henderson* v. *State,* 91 Ark. 224, 120 S. W. 966, the

court refers to our statute as ''broad language,'' and the opinion goes on to state that the purpose is to prevent the wearing or carrying about the person any pistols mentioned under the circumstances detailed in the statute. Our statute does not provide that the pistol has to be actually carried on the person. The statute prohibits the carrying of a pistol in any manner, and certainly having a pistol on the seat or the floor or in the glove compartment of an automobile, as it was here, is carrying a pistol in ''any manner.''

The weight of authority sustains the view expressed herein. 43 A. L. R. 2d, page 537.

Affirmed.