WALTER L. CLARK *v.* STATE OF ARKANSAS

5780                                         486 S.W. 2d 677

Opinion delivered November 20, 1972

*Young & Patton,* for appellant.

*Ray Thornton,* Atty. Gen., by: *James A. Neal,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant Walter L. Clark was convicted of violating Ark. Stat. Anno., § 41-4501 (Repl. 1964). He was convicted under that part of the statute which makes it unlawful to carry a pistol as a weapon. The point for reversal is that there was no substantial evidence, as a matter of law, to convict appellant.

Sometime after 2:00 a.m. appellant, in company with a girl friend, drove to the outskirts of Texarkana, stopped at a motel and inquired of the clerk about some matches. He was informed that none were available. As appellant drove away the clerk called the sheriff's office and reported the incident. The report was made because of certain peculiar actions of appellant and the suspicion that appellant was carrying a pistol (the officer testified to that report without objection). In response to the call the officers stopped appellant on the highway before he entered Texarkana. A loaded pistol was found under the front seat. Appellant testified that he was driving a borrowed car and had no knowledge of the presence of the pistol. His companion testified that she did not see the pistol. The owner of the car testified that the pistol belonged to her. She admitted that she had told the officers on the morning of appellant's arrest that she did not own the pistol and knew nothing about it being in the car. She explained the inconsistency of that statement with her testimony by saying that she was fearful she would be placed in jail if she admitted ownership of the pistol. Appellant testified that his only purpose in stopping at the motel was to obtain some matches and that he was not successful. In rebuttal to that evidence the arresting officer testified that there was in plain view, between the "bucket" seats, a supply of matches.

There was a presumption of fact that the loaded pistol was placed under the seat as a weapon. Of course that presumption may be removed by, proof. *Stephens* v. *City of Ft. Smith*, 227 Ark. 609, 300 S.W. 2d 14 (1957). Appellant offered proof to overcome the presumption but since we are dealing with a question of fact and not of law it was for the jury (or the judge sitting as a jury) to resolve the truth. We have said that the question of whether a pistol is carried as a weapon is a question for the jury. *Wylie* v. *State*, 131 Ark. 572, 199 S.W. 905 (1917).

The trier of the facts was undoubtedly impressed with the suspicious actions of appellant at the motel; with the fact that appellant was inquiring for matches when in fact there was said to be a supply of matches in the car; and with the fact that the woman who owned the car first denied ownership of the pistol. When those inconsistencies are coupled with the presumption we have mentioned, and viewing the evidence in the light most favorable to the State, we conclude there was substantial evidence to support the verdict.

Affirmed.