## Roy ROWLAND *v.* STATE of Arkansas

CR 73-91                                499 S.W. 2d 623

Opinion delivered October 8, 1973

*Lloyd R. Haynes,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. The appellant was convicted of three violations of Ark. Stat. Ann. § 41-4501 (Repl. 1964), which reads in part: "Any person who shall wear or carry in any manner whatever, as a weapon, any dirk or bowie knife, or sword or spear in a cane, brass or metal knucks, razor, blackjack, billie or sap, ice pick, or any pistol of any kind whatever, shall be guilty of a misdemeanor." The trial court fixed the punishment for each offense at a fine of $50 and confinement for 30 days, the latter part of the sentences

to run concurrently. For reversal it is contended that the proof is insufficient to support the convictions.

Rowland was arrested in Little Rock in 1972 for a traffic violation. In his truck the officers found two shotguns with butcher knives attached to them and a loaded .38 caliber pistol. A chain was wrapped around the shotguns, passed through the trigger guard of the pistol, and secured with a padlock. Rowland had the key to the lock.

Rowland testified that in 1966 or 1968 a man cut him with a knife and another man threatened him with a pistol. According to Rowland, the prosecuting attorney refused to file charges in either case. Rowland testified that he was carrying the firearms and knives not as weapons but as a means of publicizing the injustices that he had suffered. He therefore argues that there was no violation of the statute, which forbids any person to carry "as a weapon" any of the articles specified in the act.

We hold that the proof presented a question of fact with respect to the pistol, which is one of the articles decribed in the statute. Whether a pistol is being carried as a weapon is ordinarily an issue of fact. *Clark v. State*, 253 Ark. 454, 486 S.W. 2d 677 (1972). We sustained a conviction upon proof that the defendant had a loaded pistol in the glove compartment of his car. *Stephens* v. *City of Fort Smith*, 227 Ark. 609, 300 W.S. 2d 14 (1957). The trial court was not required to accept Rowland's explanation of his conduct, not only because the carrying of firearms obviously did not bring his precise grievances to the attention of the public, but also because his explanation did not account for the pistol's being loaded. Hence there is substantial evidence to support the conviction upon the charge involving the pistol.

On the other hand, the State did not make a prima facie case with regard to the shotguns and butcher knives. Shotguns are not mentioned in the statute at all. Neither are butcher knives, but the State argues that a modern butcher knife is the same thing as a Bowie knife. We

cannot agree. Criminal statutes must be strictly construed, with doubts being resolved in favor of the defendant. *Stuart* v. *State,* 222 Ark. 102, 257 S.W. 2d 372 (1953). A butcher knife is certainly not a Bowie knife, as the latter is defined and illustrated in dictionaries. See the American Heritage Dictionary (1969) and the Random House Dictionary (1966). When the statute in question was adopted in 1818, Bowie knives were more commonly carried than they are today; so the legislation was needed. In 1909 the legislature added the reference to pistols. In 1941 the legislature further modernized the statute by including blackjacks, billies, saps, and ice picks, but the lawmakers did not find it necessary to mention butcher knives. In 1973, which was after the present charges had been filed against Rowland, the legislature amended the statute by deleting the reference to Bowie knives, which are no longer in current use. Act 54 of 1973. We also note that the State could have filed its charges with respect to the butcher knives under Act 457 of 1961, which refers specifically to any knife having a blade at least three and a half inches long. Ark. Stat. Ann. §§ 41-4521 and -4523. The State, however, chose to proceed under Section 41-4501, which we find to be inapplicable.

Affirmed in part and reversed in part.