Milton Junior MOORE *v*. STATE of Arkansas

CR 77-49                                            553 S.W. 2d 29

Opinion delivered July 11, 1977
(Division I)

*Richard B. Calaway,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In October, 1968, Moore was charged with first degree rape, assault with intent to rape, and two separate offenses of burglary and grand larceny. Upon a showing of indigency an attorney was appointed to represent him. Moore was sent to the State Hospital for an examination and found to be without psychosis. On December 9, 1968, Circuit Judge Paul Wolfe sentenced him, upon a plea of guilty to first degree rape, to imprisonment for not less than 30 nor more than 90 years, with 30 years to be served before he would be eligible for parole. Moore also pleaded guilty to the other charges and was sentenced to lesser terms of imprisonment, to run concurrently with the principal sentence.

More than seven years later, in July, 1976, Moore filed the present petition for postconviction relief, alleging ten asserted errors, including ineffective assistance of counsel, involuntariness of the plea of guilty to first degree rape, error in the information charging that offense, insufficient explanation by the trial judge of the rights of the accused, the indeterminate nature of the sentence, and its excessiveness. Circuit Judge Holland, hearing the matter after Judge Wolfe's death, denied the petition upon the face of the record, without an evidentiary hearing. For reversal it is contended by appointed counsel that an evidentiary hearing should have been held upon practically every assertion of error. Several of the points now urged for reversal were so fully answered by Judge Holland or by the Attorney General's brief that further discussion is not needed. Five of the points, however, should be treated here.

First, the interwoven charges of ineffective assistance of counsel, involuntariness of the plea of guilty, and inadequacy of the explanation of the accused's rights may conveniently be examined together. We do not recall ever having seen as detailed and comprehensive an explanation of the rights of an accused as that made in this case by Judge Wolfe, certainly

one of the ablest and most conscientious judges ever to serve in Arkansas. Moore was then 28 years old, with an eleventh-grade education. All of his family and some of his relatives by marriage were seated in the courtroom when the plea was accepted by Judge Wolfe on December 3. Counsel, according to a remark by the judge, had discussed the case with Moore many times and had examined the prosecuting attorney's file. Counsel agreed, adding that he had also talked to Moore's family: "I think everybody knows the whole story."

Although Judge Wolfe might have imposed sentence at once, he decided, in view of the gravity of the charges, to defer sentencing for six days, during which defense counsel was to confer further with Moore and report anything that counsel wanted the court to know in Moore's behalf. On December 9 the court imposed sentence, explaining to Moore: "And it is the judgment and sentence of the court that you serve for a period of not less than 30 nor more than 90 years on this charge of first degree rape. That means, as far as this court is concerned, Mr. Moore, that you're going to be down there for 30 years. That's when you become eligible for parole. Now, that's all I can do to protect society and to protect you from yourself."

We find, as did Judge Holland, that the record shows conclusively that the three asserted errors now being considered are without merit. If this record does not support that finding, it would be impossible for any record to do so. See *Stone v. State*, 254 Ark. 566, 494 S.W. 2d 715 (1973). Hence no evidentiary hearing was required under Rule 37.3 (a) of the Rules of Criminal Procedure (1976).

Second, the argument with regard to the indeterminate character of the sentence is without merit. In California, where such a sentence is authorized by statute, its validity has been upheld, with the court reasoning that an indeterminate sentence is in legal effect a sentence for the maximum term. *People v. Wade,* 72 Cal. Rptr. 538 (1968), cert. den., 395 U.S. 913 (1969). Here, however, we do not construe Judge Wolfe's language to have created an indeterminate sentence. Instead, his intention was clearly to fix the sentence at 90 years, with one third of it to be served before the prisoner

became eligible for parole. Judge Wolfe was evidently tracking the statute, which empowered him to require that a minimum period of not more than a third of a sentence be served before the prisoner would be eligible for parole. Ark. Stat. Ann. § 43-2807 (c) (2) (Supp. 1975).

Third, we are unwilling to say that a hearing should have been ordered with respect to the propriety of the 90-year sentence. It was not excessive as a matter of law. The statute then in force fixed the punishment for first degree rape at death or "thirty (30) years to life imprisonment." Act 362 of 1967, later repealed. The same claim of excessiveness has frequently been rejected in Illinois, where the statutes can give rise to a similar situation. Under a statute permitting imprisonment for life or for not less than 14 years, no maximum in years being stated, the court upheld a sentence for 199 years, saying:

> The jury evidently intended to permanently remove this defendant from society without exacting his life, and we hold that in doing so they were within the statutory provision that whosoever is guilty of murder "shall suffer the punishment of death, or imprisonment in the penitentiary for his natural life, or for a term not less than fourteen years." . . . Any other holding would force our courts into a morass of evidence as to the life expectancy of defendants and would seriously encumber and embarrass the enforcement of criminal laws.

*People* v. *Pace,* 362 Ill. 224, 198 N.E. 319 (1935); followed in *People* v. *Rucker,* 364 Ill. 371, 4 N.E. 2d 492 (1936), where a sentence of 199 years was also upheld. Upon the reasoning of such cases we do not find the 90-year sentence to be excessive, nor do we see what could be accomplished by an evidentiary hearing upon that issue. The question is essentially one of law, not of fact. (It may be noted that a similar question is not apt to arise in the future, for the Criminal Code of 1976 [§ 41-901 and Commentary] contains a 50-year maximum for prison sentences.)

Affirmed.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.