Joseph Earl HOLMES *v.* STATE of Arkansas

CR 77-191                                    561 S.W. 2d 56

Opinion delivered January 23, 1978
(Division I)
[Rehearing denied February 27, 1978.]

*Blevins & Pierce*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Jesse L. Kearney*, Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Justice. This appeal presents two questions for this Court's consideration and determination, namely, (1) Whether heroin seized from the person of appellant at the time of his arrest was properly admitted into evidence? and (2) Whether appellant's request for mistrial should have been granted on the grounds that the State committed prejudicial error by posing alleged improper questions to appellant regarding his previous convictions?

## THE FACTS

On December 9, 1976, at approximately 9:20 p.m., the Little Rock Police Department was requested by a security guard at the old Baptist Hospital to render assistance in the apprehension of a prowler around the dormitory on the campus grounds of the hospital. Approximately three officers were dispatched immediately to the area.

The security guard gave the officers a description of the suspect and indicated the direction that the suspect had fled. The officers commenced a general search of the area.

However, one of the officers, Arzell Phillips, proceeded west bound for approximately twelve blocks from the hospital when he observed appellant running on the sidewalk. Appellant fitted the description that had been supplied by the security guard. Upon approaching appellant, Officer Phillips asked appellant for identification, but appellant was unable to produce any identification; appellant was rather vague and hesitant about giving his name; he appeared to be intoxicated, had a sleepy appearance and possessed a strong odor of alcohol on his person. Appellant was placed under arrest for intoxication and was casually searched for weapons. Appellant was placed in the officer's vehicle and transported to 13th & Markham Streets where Officer Phillips met the other two officers where a more thorough search of appellant's person was conducted for weapons, when the police discovered aluminum foil containing heroin in appellant's pocket. Appellant was subsequently charged by information with unlawfully possessing a controlled substance in violation of Act 590 of 1971, as amended.

Appellant filed a timely motion to suppress the evidence alleging that the heroin was seized illegally and that such action on the part of the police officers contravened both the United States and Arkansas Constitutions. Appellant's motion was denied and appellant was found guilty by a jury and was sentenced to a term of five years to the Arkansas Department of Correction.

Appellant challenges rather vigorously the validity of his arrest by asserting that the only reason he was stopped by the officer in the first place can be justified only under factor nine of Arkansas Statutes 43-435(b), pertaining to information received from third persons as a factor to be considered by an officer in regarding one as "a reasonable suspect." And when this is considered, argues appellant, in conjunction with the distance that appellant was first observed by the officer from the hospital, approximately twelve blocks, there was no justification for stopping the appellant since running on the sidewalk is not, per se, a suspicious activity or unlawful. Further, appellant argues that appellant was charged with public intoxication after he was stopped by the officer, but based upon the officer's own testimony, appellant was not intoxicated within the meaning of the statutory definition of public intoxication as defined under Arkansas Statutes, Section 41-2913 since it was not shown that appellant was "likely to endanger himself or other persons or property or that he unreasonably annoys persons in his vicinity."

## THE DECISION

Appellant's argument is not persuasive inasmuch as a casual review of Arkansas Statutes, Section 43-435(a)(b) will readily illustrate that Officer Phillips was clearly justified in stopping and arresting the appellant. For example, Section 43-435(b) provides, among other things, that the following factors are also to be considered in determining if an officer has grounds to "reasonably suspect":

1. The demeanor of the suspect; and,
2. The gait and manner of the suspect; and,
3. The time of day or night the suspect is observed; and,

4.  The apparent effort of the suspect to avoid identification or confrontation with the police.

Relative to Arkansas Statutes, Section 41-2913 pertaining to public intoxication, it is provided, in relevant part, as follows:

"A person commits the offense of public intoxication if he appears in a public place manifestly under the influence of alcohol or a controlled substance to the degree and under circumstances such that he is likely to endanger himself or other persons or property, or that he unreasonably annoys persons in his vicinity."

The evidence clearly shows that appellant fitted the description of the alleged prowler at the women's dormitory of the Baptist Hospital as given by the security guard, and appellant was observed in the direction in which the alleged prowler had fled. Moreover, when Officer Phillips requested the appellant to produce identification documents, appellant was unable to do so, he was vague and hesitant in revealing his name, appellant had a strong odor of alcohol on his person and appeared sleepy. It must be remembered also that this scenario took place between 9:30 and 10:00 p.m. o'clock.

We held in *Jones* v. *State*, 246 Ark. 1057, 441 S.W. 2d 458 (1969), as follows:

"Information coming to officers must rise above mere suspicion of criminal activity in order to constitute probable cause for an arrest, but it need not be tantamount to that degree of proof sufficient to sustain a conviction."

*See Also: Perez* v. *State*, 260 Ark. 438, 541 S.W. 2d 915 (1976) where the Arkansas Supreme Court stated that a person's conduct while under observation of a police officer is a proper factor to be considered in evaluating probable cause. *Smith* v. *State*, 241 Ark. 958, 411 S.W. 2d 510 (1967); *Reed* v. *United States*, 401 F. 2d 756 (8th Cir., 1968). *See also:* Arkansas Rules of Criminal Procedure, Rules 3.1, 3.4 and 3.5.

It is well settled that a police officer making a lawful

arrest is authorized, as an incident to the arrest, to search the person of the subject in order to confiscate weapons that may pose a danger or threat to the arresting officer's safety and welfare. If contraband or evidence of another crime is disclosed during such search, it may be seized and used as evidence and its usefulness is not impeached under the purging influence of the Fourth Amendment to the United States Constitution. *See: Chimel v. California,* 395 U.S. 752 (1969). *See also:* Arkansas Rules of Criminal Procedure, Rule 12.1.

Appellant also contends that the trial court committed reversible error by denying appellant's motion for mistrial. The record reflects that the State, through its Prosecuting Attorney, asked the appellant whether appellant was guilty in 1970 and 1971 of carrying a weapon in Houston, Texas. Counsel for appellant immediately objected to the question and moved for a mistrial which was denied by the trial court. However, the trial court immediately admonished the jury to disregard the question and answer. The record reflects, however, that appellant did not actually respond to the question complained of.

This Court has emphasized that the granting or denial of a motion for a mistrial is within the sound discretion of the trial court, and such discretion, when exercised, will not be disturbed on appeal unless it is shown to have been abused. Moreover, as we have also emphasized, declaring a mistrial is an extreme remedy which should be granted only where there has been an error so prejudicial that justice could not be served by a continuation of the trial. See: *Gammel & Spann v. State,* 259 Ark. 96, 531 S.W. 2d 474 (1976); *Hill v. State,* 255 Ark. 720, 502 S.W. 2d 649 (1973); *Jackson v. State,* 245 Ark. 331, 432 S.W. 2d 876 (1968).

From this record, we can not find that there was an abuse of discretion on the part of the trial court or the alleged error was so prejudicial that justice could not be served by a continuation of the trial.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.