Michael Joe McGUIRE *v.* STATE of Arkansas

CR 79-7                                    580 S.W. 2d 198

Opinion delivered April 30, 1979

*Niblock & Odom* and *Ronald M. McCann,* for appellant.

*Steve Clark,* Atty. Gen., by:*Ray Hartenstein,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with capital felony murder, convicted by a jury, and sentenced to life imprisonment. He first asserts for reversal that the search of the automobile, in which he was riding and in which the guns were found, was illegal, and therefore, the guns, as evidence, should be suppressed. He argues that none of the exceptions justifying a search without a warrant was present. Appellee responds that the warrantless search was justified by a valid consent. We agree with the appellee.

Appellant and a Jim Davis, local residents, had been questioned by the police on March 25, 1978, about the shooting death two days earlier of Ronald P. Snodgrass. The victim's car was found at a local tavern. Appellant and Davis admitted they were at the tavern on the day of the alleged offense. Davis worked there. Davis told an officer his fingerprints might be found on the victim's car and that he possessed a .38 caliber pistol similar to the one used to kill Snodgrass. The two men became the focus of the police investigation concerning the murder. On March 26, Officers Tedford and Ward received orders to further question the two men. The officers began observing a local residence, recognized the two suspects as they and another individual exited the residence and left in a car. The officers followed the

car to a local shopping center parking lot where, instead of parking, they drove or circled around looking and acting nervous. The officers stopped the car intending to question Davis further. As Officer Ward walked toward the rear of the car, he observed appellant straighten and make some sort of movement. The officer looked in the rear window and noticed that appellant had his hand under a coat in the rear seat. Officer Tedford observed the handle of what appeared to be a weapon in the front seat occupied by Davis. Officer Tedford got appellant and Davis out of the car. Barnett, the driver, was asked if the officers could look in the back seat and he responded that they could. When Ward raised the coat in the rear seat where McGuire had been sitting, he discovered a .38 caliber pistol. Davis then told the officer that there was another gun in the front seat. It was found to be a .38 caliber pistol. Both guns were fully loaded. Appellant and Davis were put under arrest and transported to the police station where appellant was read his rights and interrogated. Appellant gave a statement indicating that he and Davis had been picked up by Snodgrass while hitchhiking and that appellant had driven the victim's car to the place where his body was later found. There Davis talked about shooting Snodgrass and taking his car. Appellant stayed near the car while Davis walked the man into the woods. Appellant heard one shot, after which Davis returned and told appellant to "get the hell out of here." Appellant and Davis burned the victim's billfold. In another statement, appellant said he told Davis to tie the man up rather than shoot him and that Davis had taken both guns.

Here Barnett, the driver of the car in which appellant and Davis were passengers, readily gave his consent to a search. According to him, he had nothing to hide. Appellant argues that under *Moore* v. *State*, 262 Ark. 27, 551 S.W. 2d 185 (1977), and *Bumpers* v. *North Carolina*, 391 U.S. 543 (1968), the search was unreasonable, based on the fact that Barnett was not informed that he did not have to consent to the search and gave his consent thinking that the car would be searched anyway since there were four officers present. We first note that there were only two officers present at the time Barnett gave his consent to search. Second, proof of knowledge of the right to refuse consent is not a necessary prerequisite to

demonstrating voluntary consent. *Enzor v. State,* 262 Ark. 545, 559 S.W. 2d 148 (1977).

The determination of whether consent was voluntary or coerced can be made only by analyzing all the circumstances of that consent. *Enzor v. State, supra;* and *King v. State,* 262 Ark. 342, 557 S.W. 2d 386 (1977). Here Barnett was clearly not coerced into giving his consent for the officers to search the car he was driving. We cannot say the finding of the trial court that the consent was valid is clearly erroneous. See *State v. Osborn,* 263 Ark. 554, 566 S.W. 2d 139 (1978).

Appellant next asserts that the officers did not have probable cause to arrest him, making the arrest and subsequent search and interrogation illegal. First, we note that the search of the automobile took place prior to appellant's arrest. Since we find that the court's ruling as to the validity of that search was not erroneous, the officers properly seized the two fully loaded guns. Ark. Stat. Ann. Vol. 4A, Rules of Crim. Proc., Rule 4.1 (a) (iii) (Repl. 1977) provides that an "officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed any violation of law in the officer's presence." Most courts agree that there is no difference in the terms "reasonable cause" and "probable cause." Commentary to Article IV, Ark. Rules of Crim. Proc.; *Williams v. State,* 258 Ark. 207, 523 S.W. 2d 377 (1975). We have said that "[t]he substance of all definitions of probable cause is a reasonable ground for belief of guilt." *Williams v. State, supra.* Probable cause exists where facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy knowledge are sufficient in themselves to warrant a man of reasonable caution to conclude that an offense has been or is being committed. *Brinegar v. U.S.,* 338 U.S. 160 (1949). We reiterated in *Holmes v. State,* 262 Ark. 683, 561 S.W. 2d 56 (1978), that probable cause "need not be tantamount to that degree of proof sufficient to sustain a conviction." Its determination is based upon factual and practical considerations of reasonable and prudent men rather than on those of legal technicians. *Sanders v. State,* 259 Ark. 329, 532 S.W. 2d 752 (1976). There we also said that applicable standards allow honest, common sense judgments by officers in their determination of probable cause. Ark. Stat. Ann. § 41-3151 (Repl.

1977) makes it unlawful for a person to carry a weapon if he possesses a handgun in certain situations, including possession "in a vehicle occupied by him, . . . with a purpose to employ it as a weapon against another person." There is a presumption that a loaded pistol is placed in a car as a weapon. *Clark v. State,* 253 Ark. 454, 486 S.W. 2d 677 (1972); *Stephens v. City of Ft. Smith,* 227 Ark. 609, 300 S.W. 2d 14 (1957).

Here appellant and Davis were the prime suspects in the investigation of a murder which had taken place only a few days prior to their being stopped with the two fully loaded guns. In the totality of the circumstances, then, the officers, upon finding the guns, one possessed by appellant, had probable cause to 'arrest appellant for unlawfully carrying a weapon. The arrest being valid, we find no merit in appellant's contention that evidence obtained through the search and the later interrogatories was inadmissible because it was "fruit of the poisonous tree." The court properly denied appellant's motion to suppress.

Appellant contends that the court erred in refusing to allow him to call Davis, his codefendant, to the witness stand for purposes of identification and also in not allowing Davis to appear in the courtroom as a physical exhibit to the sheriff's testimony for purposes of identification. Appellant's and Davis' cases were severed for trial. Davis' counsel invoked the 5th Amendment and the court refused to compel him to testify. Appellant argues that this prejudiced him by depriving the jury of viewing Davis whose size was relevant to the issue of duress. Appellant says he was coerced into not reporting the crime because of threats by Davis. Appellant described Davis as being 6'5" and weighing 220 to 250 lbs. Appellant weighs 135 lbs. Ark. Stat. Ann. § 28-1001, Rule 401 (Supp. 1977), defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here the evidence of duress did not bear on the issue of appellant's guilt or innocence of the offense charged but, rather, bore only upon why appellant had not reported the crime. There was no assertion made that appellant was coerced into committing the offense. Even if Davis' size was

relevant and admissible, appellant testified, without objection, as to Davis' size in comparison with himself. Therefore, Davis' absence as a witness was not prejudicial and at most harmless error. *Kimble v. State,* 246 Ark. 407, 438 S.W. 2d 705 (1969).

As required by Ark. Stat. Ann. § 43-2725 (Repl. 1977) and Rules of Crim. Proc., Rule 36.24, we have reviewed the entire record and find no errors prejudicial to appellant.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur with the results reached but object to part of the language in the majority opinion. The opinion apparently states it is unlawful to carry a handgun. The cases cited by the majority predate the Criminal Code, Acts of 1975, No. 280. In my opinion, Rule 4.1 does not authorize an arrest for carrying a handgun because it is not a violation of the law unless intent to use it as a weapon against a person is proven. There was no such proof as is required by Ark. Stat. Ann. § 41-3151 (Repl. 1977). Neither is it shown that the possession of the handguns was in violation of Ark. Stat. Ann. § 41-3111 (Repl. 1977).

Therefore, I fear the majority opinion might be used later to support the theory that possession of a handgun for a person's own protection is in violation of the law. Such interpretation is clearly erroneous. Furthermore, there is no need for this language because the consent to search has already been found.