Ernestine DUCKINS *v.* STATE of Arkansas

CA CR 80-54                                    609 S.W. 2d 674
Court of Appeals of Arkansas
Opinion delivered December 23, 1980.

*E. Alvin Schay*, State Appellate Public Defender, by: *Matthew Wood Fleming*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

W. HAROLD FLOWERS, Judge. The sole question presented on this appeal is whether there was substantial evidence to sustain the appellant's conviction on charges of carrying a weapon and resisting arrest. Ark. Stat. Ann., § 41-3135 (1) (Repl. 1977), and Ark. Stat. Ann. § 41-2803 (Repl. 1977). We find the evidence was sufficient.

On July 29, 1979, appellant was at the Other Center Cinema in North Little Rock, Arkansas, where she caused a disturbance and commotion following her charges that the cashier had overcharged her children. An offer to refund her money was made by the manager as he requested her to lower her voice or leave the theater. She continued the disturbance and the manager sought and received the assistance of an off-duty police officer who placed the appellant under arrest after she had used vile and vicious language. She continued her remonstrations and, according to a witness, "started screaming, hollering, digging her heels into the concrete to avoid leaving, and again shouting obscenities." Testimony showed it took two officers to get the appellant into the police car.

When the appellant was placed in the police car, an officer took her purse. She repeatedly requested that it be given back to her, and upon a search by the officer, it was found to contain a .22 caliber Imperial pistol.

The appellant waived a jury trial, and upon trial to the court, she did not challenge the lawfulness of the search of her purse or admissibility of the pistol into evidence.

The appellant argues the charge of carrying a handgun "as a weapon" should have been dismissed because of insuf-

ficiency of the evidence. The only weakness in the evidence asserted by the appellant is the state's failure to show the gun found in the appellant's purse was loaded. While our supreme court has referred to the fact that a gun was loaded as being evidence it was being carried or transported "as a weapon," *McGuire* v. *State*, 265 Ark. 621, 580 S.W. 2d 198 (1979); *Rowland* v. *State*, 255 Ark. 215, 499 S.W. 2d 623 (1973), it has not identified that fact as an element of the offense or as essential to a finding that a handgun was carried with a purpose of using it "as a weapon."

In *Hathcock* v. *State*, 99 Ark. 65, 137 S.W. 551 (1911), the supreme court approved an instruction to the effect that when one carries a pistol it is presumed to be loaded and carried as a weapon. The court quoted the following from *Wardlaw* v. *State*, 43 Ark. 73 (1884):

> The statute does not require that the pistol should be loaded. . . . If it did, its value would be severely impaired, for that is a fact which can hardly ever be ascertained beyond peradventure until somebody is shot. [43 Ark. at 74-75]

While the statute has been modified in some respects, the question in the Hathcock case, as here, was whether the handgun or pistol was being carried or used "as a weapon."

In *Carr* v. *State*, 34 Ark. 448 (1879), a defendant showed affirmatively that one of the two pistols he had carried was inoperable and the other was unloaded. The court said, "[t]hese things, affirmatively shown, rebut the presumption that they were worn to be used as weapons," (34 Ark. at 450), and the conviction was reversed and a new trial ordered.

Although these are old cases, they are the only ones in which our supreme court has confronted squarely the issue with which we are faced, and we find their authority undiminished. Thus, we hold it was not necessary for the state to have shown the pistol was loaded.

Affirmed.