_____

No. 96-2457WA

_____

United States of America,     *
                                     *

            Appellee,     *

                                   *   Appeal from the United States

     v.                    *   District Court for the Western

                                   *   District of Arkansas.

Jonathan Harold Peyton,     *

                                   *

           Appellant.     *

_____

Submitted:  December 10, 1996

Filed:  March 12, 1997

_____

Before FAGG, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

FAGG, Circuit Judge.

After Jonathan Harold Peyton acknowledged there was a gun in the vehicle he was driving, police found the gun, arrested Peyton, searched his vehicle, and discovered methamphetamine and thousands in cash.  A jury convicted Peyton of possession of methamphetamine with intent to distribute and carrying a firearm in relation to a drug trafficking crime.  On appeal, Peyton challenges the validity of the search, the denial of his motion for a mistrial, and the sufficiency of the evidence.  We affirm.

Hot Springs, Arkansas police stopped Peyton and a passenger because the El Camino Peyton was driving had no license plates.  Shining a flashlight into the vehicle, the officer spotted a pistol holster under the driver's seat.  Peyton admitted there was a gun in the car.  The officer retrieved a loaded pistol from under the passenger seat and arrested Peyton for carrying a weapon.  Deciding to have the El Camino towed, the officer conducted an inventory

search and discovered 38.57 grams of methamphetamine in an Arkansas Bank and Trust bag behind the driver's seat and $6,650 in currency underneath the seat. A search of Peyton himself turned up $4,350 more.

The district court denied Peyton's pretrial motion to suppress the drugs and cash. The district court also ruled that, to prove intent, the Government could introduce evidence police had stopped Peyton on a second occasion and had again found drugs, cash, and a gun. See Fed. R. Evid. 404(b). In its opening statement, the Government referred to the second stop and the incriminating items then found. After the officer who had stopped Peyton the second time began to testify, but before he named Peyton as the driver, it became clear the second stop was illegal. The district court promptly ordered the officer's testimony stricken and told the jury to disregard it, but denied Peyton's motion for a mistrial. Having generally instructed the jury opening statements are not evidence, the district court offered to give the jury a specific curative instruction on the Government's opening statement. Peyton declined the offer.

We take up first the district court's denial of Peyton's motion to suppress. Peyton failed to show the inventory search of his El Camino was unlawful. See United States v. Cummins, 920 F.2d 498, 503 (8th Cir. 1990). Furthermore, if the presence of a loaded gun in Peyton's vehicle authorized police to arrest Peyton, the search of the El Camino's passenger compartment was also proper as a search incident to arrest. See United States v. Maza, 93 F.3d 1390, 1396-97 (8th Cir. 1996), cert. denied, 65 U.S.L.W. 3570 (1997). In Arkansas, it is illegal to carry a handgun as a weapon, see Ark. Code Ann. § 5-73-120 (Michie 1993), and a loaded pistol found under the front seat of a vehicle is presumed to be carried as a weapon, see Clark v. State, 486 S.W.2d 677, 678 (Ark. 1972). Because a reasonable person in the officer's position could have believed Peyton was breaking the law, see United States v. Kalter,

5 F.3d 1166, 1168 (8th Cir. 1993), Peyton's arrest was supported by probable cause.  The district court correctly denied Peyton's motion to suppress.

Next, the district court did not abuse its discretion when it denied Peyton's motion for a mistrial.  See United States v. Hernandez, 779 F.2d 456, 458 (8th Cir. 1985).  While the Government should have made sure Peyton's second stop was lawful before telling the jury about the stop in its opening statement and putting the arresting officer on the stand, the district court remedied any potential prejudice.  See United States v. Dunlap, 28 F.3d 823, 825 (8th Cir. 1994) (prejudice erased when jury told attorneys' statements are not evidence); United States v. Nelson, 984 F.2d 894, 897 (8th Cir. 1993) (instructing jury to disregard testimony dispels prejudice).  Besides, the evidence of Peyton's guilt was compelling, see Nelson, 984 F.2d at 897, and Peyton refused an offered curative instruction.

We also reject Peyton's contention he was not carrying a firearm in a drug trafficking crime.  See United States v. Rhodenizer, No. 96-2343, 1997 WL 43234, at *2 (8th Cir. Feb. 5, 1997) (transporting firearm in passenger compartment of vehicle that contains drugs is carrying firearm within meaning of 18 U.S.C. § 924(c)(1)); United States v. Willis, 89 F.3d 1371, 1378-79 (8th Cir.) (same), cert. denied, 117 S. Ct. 273 (1996).  Finally, the evidence was sufficient to show Peyton knowingly possessed the methamphetamine because a reasonable jury could find Peyton "had knowledge of, and control over, the drugs."  See Willis, 89 F.3d at 1377.  Peyton was driving a vehicle that contained drugs.  Police found the methamphetamine behind the driver's seat in an Arkansas Bank and Trust bag, Peyton had a business account at that bank, and Peyton's wallet contained two deposit slips from that bank.

We affirm Peyton's conviction.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.