# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1944EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the Eastern District |
| v. | * | of Arkansas. |
| | * | |
| John Bloomfield, | * | [To Be Published.] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 5, 1998

Filed: August 13, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

John Bloomfield was charged by a grand jury with a number of drug and firearm offenses, after Pulaski County police officer Randy Howard found drugs and a loaded firearm in a car Bloomfield was driving. Bloomfield moved to suppress the evidence obtained from his vehicle. Following two suppression hearings, the District Court[1] denied the motion. Bloomfield then entered a conditional plea of guilty to possessing

_____

[1]The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas.

over 100 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), reserving his right to appeal the denial of his pretrial motion to suppress, and the District Court sentenced Bloomfield to 14 years imprisonment and 5 years supervised release. Bloomfield now appeals, challenging his conviction and sentence. We affirm.

We review de novo the legal conclusion that there was probable cause, but we review findings of historical fact for clear error only. See United States v. Weinbender, 109 F.3d 1327, 1329 (8th Cir. 1997). At the suppression hearings, Howard testified that on the August 1995 evening in question, he saw Bloomfield driving a Camaro with 1993 license plates, and that a radio check to the police dispatcher confirmed the plates were expired. After Howard stopped the Camaro, Bloomfield was unable to produce proof of insurance or vehicle registration. While sitting sideways in the driver's seat with his feet outside the car, Bloomfield searched inside his vehicle for the paperwork. Standing near the vehicle to examine its vehicle identification number, Howard could see inside the vehicle, where he noticed a firearm sticking out from underneath the driver's seat. Howard placed Bloomfield under arrest for possession of a handgun being carried as a weapon, and during an inventory search of the vehicle, Howard found narcotics.

On the basis of Howard's testimony, which the District Court credited, see United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998), we conclude the District Court did not err in denying Bloomfield's motion to suppress, see United States v. Maza, 93 F.3d 1390, 1396 (8th Cir. 1996) (traffic violation provides probable cause for traffic stop), cert. denied, 117 S. Ct. 1008, 1345 (1997); United States v. Cummins, 920 F.2d 498, 502 (8th Cir. 1990), cert. denied, 502 U.S. 962 (1991); cf. United States v. Peyton, 108 F.3d 876, 877-78 (8th Cir. 1997).

Accordingly, we affirm.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.